STATE OF IOWA v. W. N. KEHR, Appellant..

Criminal law: WEIGHT TO BE GIVEN EVIDENCE: INSTRUCTIONS.  It is
1  the exclusive province of the jury to determine the weight to
be given proven facts and circumstances, and an instruction
that a certain fact, if true, would be a strong circumstance
tending to show guilt is erroneous.

Same: EVIDENCE. The simple fact that defendant had a revolver in his possession some two months after the burglary was committed, was not competent evidence for the purpose of connecting him with the crime, even though it appeared that the person committing the burglary had a revolver.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

TUESDAY, JANUARY, 8, 1907.

THE defendant was convicted of burglary, and appeals. — *Reversed* and *remanded.*

*Barnes & Chamberlain,* for appellant.

*Chas. W. Mullan,* Attorney-general, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, J.— The indictment charged that the defendant broke and entered a dwelling house in the night time with intent to commit the crime of larceny therein, and that he was at the time armed with a dangerous weapon, to wit, a revolver. The burglar was seen in the house by the owner thereof and his wife, but neither was able to identify him, and the defendant's connection with the crime was shown by circumstantial evidence.

Complaint is made of a part of the eighth instruction given by the court. It is in the following language: " In determining whether the defendant broke and entered said dwelling house, if you find from the evidence that the paper, Exhibit 1, was found near the safe in said house within a few minutes after a man was discovered at said safe, and that defendant had received said papers from the witness Davis a short time before said burglary, this fact would be a strong circumstance tending to connect the defendant with the crime, if unexplained by evidence." It will be observed that the court therein told the

1. CRIMINAL LAW: weight to be given evidence: instruction.

jury that proof that the exhibit had been delivered to the defendant shortly before the crime was committed, and that it was found near the safe in the house within a few minutes after the attempt to open the safe, would be a strong circumstance tending to connect the defendant with the crime, if unexplained. It was undoubtedly a strong circumstance tending in the direction indicated by the court, and for that very reason it was prejudicial error to give the instruction. It is the exclusive province of the jury to determine the weight that shall be given to proven facts and circumstances, and, when the court invades this field, it commits error. Under the rule in this State the court is limited to a statement of the law governing the various features of the case, without suggestion as to the weight to be given to any part of the evidence. *State v. Crofford,* 121 Iowa, 395; *State v. Austin,* 109 Iowa, 118; *State v. Lightfoot,* 107 Iowa, 344; *State v. Desmond,* 109 Iowa, 72; *State v. Carter,* 112 Iowa, 15.

When the defendant was arrested, about two months after the crime was committed, he had in his possession a revolver, and the court permitted the State to show this fact and to put the revolver in evidence. While it was

2. SAME:
    evidence.

shown that the burglar had a revolver when in the house, and that a bullet fired therefrom was afterwards found, there was no evidence tending to show that the bullet fitted the revolver found in the defendant's possession, or otherwise identifying it as the one used by the burglar, and we are inclined to the view that the evidence complained of should not have been received. The fact alone that the defendant had a revolver in his possession two months afterward would not necessarily tend to connect him with the crime (State v. Arthur, 129 Iowa, 235) and it was clearly not admissible as a part of the history of the case.

The judgment is *reversed,* and the case *remanded.*