No. 48,267

STATE OF KANSAS, *Appellee*, v. RICHARD B. BOONE, *Appellant*.

(556 P. 2d 880)

Opinion filed November 6, 1976.

*G. Knute Fraser,* of Wichita, argued the cause, and was on the brief for the appellant.

*Christopher A. Randall,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and

*Robert L. Kennedy, Jr.,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a jury verdict which found Richard B. Boone (defendant-appellant) guilty of two counts of aggravated robbery. (K. S. A. 21-3427.) *

The sole question presented is whether the court committed prejudicial error when it admitted state's Exhibit No. 3, a knife allegedly used in the aggravated robbery, into evidence. The appellant argues no proper foundation existed for its admission into evidence.

It is necessary to briefly recite the facts of this appeal and a companion appeal involving the appellant, *State v. Boone,* 220 Kan. 758, 556 P. 2d 864. On June 25, 1974, Betty Carter, a manager at the Town and Country Market at 1023 East Lincoln in Wichita, was working alone in the store when it was robbed at about 7:45 a. m. (Hereafter referred to as the East Lincoln robbery.) Betty Carter testified the robber jumped over the counter with a knife in his hand and made her lie on the floor while he emptied the unlocked floor safe and a cash register into a canvas bank bag. A customer, Mr. Richard Kellogg of Wichita, walked in while the robbery was in progress. The robber took his wallet and made him lie down also. The robber then fled on foot.

Betty Carter testified the man who robbed her had on blue jeans and a light blue shirt, and he wore blue track shoes with orange stripes. At 2:30 p. m. on June 25, 1974, the police had Betty Carter view a lineup. She identified the appellant as the robber. Mr. Kellogg was unable to identify the appellant as the person who took his wallet.

On June 25, 1974, when the appellant was arrested, a blue denim shirt and blue tennis shoes with gold stripes down the side were seized. These were similar to those worn by the robber and were admitted into evidence at the trial. A money bag similar to that taken by the robber and checks written by Betty Carter and another employee were found by a Wichita street cleaner on Rock Road and admitted into evidence. Wichita police officer Garrison testified the appellant said he had been at Central and Rock Road seeing about a job at a construction site. Mr. Kellogg's billfold

and identification cards were found under the right front seat of the appellant's car at the time of his June 25, 1974, arrest.

The appellant was apparently released on bond following his first arrest. On August 9, 1974, the appellant was arrested and charged with the aggravated robbery of a Town and Country Market located at 600 South Oliver in Wichita. (Hereafter referred to as the South Oliver robbery.) The facts surrounding this arrest are covered in *State v. Boone*, 220 Kan. 758, 556 P. 2d 864. In that appeal two men using a gun were involved. Suffice it to say the charges against the appellant were consolidated and were tried one after another to the same jury in what might be characterized as two "mini-trials" with separate defense counsel.

A knife was found in the glove compartment of the vehicle driven by the appellant on August 9, 1974, and admitted into evidence over his objection, in the portion of the trial relating to this appeal. Betty Carter testified concerning the knife marked state's Exibit No. 3 as follows:

"A. It's similar to the one he had—I mean, it looks like the one he had in his hand when he jumped over the counter, yes.

"Q. What is it about State's Exhibit 3, that knife, that is similar to the one he had?

"A. It's like—you see how it goes down and to the point? That's what made me . . .

"Q. What about the coloration of the blade?

"A. Yeah, it wasn't shiny."

When the state offered the knife and other articles into evidence, the appellant's attorney objected saying:

"I would object to their admittance into evidence. All she has testified is they look like the same articles. We don't know where they came from or anything. They could have gotten them from the YMCA for all I know."

Nevertheless, the court admitted all the offered exhibits.

The state completed its presentation of evidence regarding this appeal and announced it would present no further evidence regarding the East Lincoln robbery. The state then presented evidence regarding the South Oliver robbery in which the appellant was also charged with two counts of aggravated robbery. The appellant moved to suppress the knife found on August 9, 1974, but the motion was denied. The court then relied on the admission of the knife into evidence earlier to again admit it, over objection, into evidence in that portion of the trial relating to the South Oliver robbery. The court said:

". . . I have admitted it in the other case and I am going to admit it in this case, so there won't be any question about it. . . ."

The jury found the appellant guilty of both counts of aggravated robbery in this appeal involving the East Lincoln robbery and guilty of one count of aggravated robbery in the other appeal involving the South Oliver robbery.

The sole issue on this appeal is whether the trial court committed prejudicial error when it admitted the knife found on August 9, 1974, into evidence. The legality of the August 9, 1974, search which produced the knife is not in issue here. That search was upheld in *State v. Boone*, 220 Kan. 758, 556 P. 2d 864.

The issue on appeal stems from the trial of consolidated charges which were tried with two separate defense counsel. The statutory language regarding consolidation is found at K. S. A. 22-3202 and K. S. A. 22-3203. These statutes are modeled after Rules 8 and 13 of the Federal Rules of Criminal Procedure. No question regarding consolidation is argued and we think consolidation was proper. (See, *State v. Browning*, 182 Kan. 244, 320 P. 2d 844; *State v. Hacker*, 197 Kan. 712, 421 P. 2d 40, *cert. denied*, 386 U. S. 967, 18 L. Ed. 2d 119, 87 S. Ct. 1050; and *State v. Ralls*, 213 Kan. 249, 515 P. 2d 1205.)

However, we cannot approve the procedure followed. At trial the jury was instructed as to the procedure being followed so they would not become confused. But the trial court's procedure, with appointment or retention of two separate defense counsel and a division of the case into two "mini-trials" to accommodate the two defense counsel, is unwarranted. Rule No. 13 of the Federal Rules of Criminal Procedure indicates the procedure when two indictments or informations or both are to be tried together shall be the same as if the prosecution were under a single indictment or information. Previous cases brought to this court's attention have followed this rule and the defendant on trial had only one defense counsel for all charges.

On the record here presented we cannot say the appellant was prejudiced by the consolidation of the charges for trial.

We now examine the appellant's contention that the trial court erred when it admitted the knife into evidence without a proper foundation. Generally, the foundation to admit physical evidence is determined by the trial judge, who must be satisfied as to its

relevance and connection with the accused and the alleged crime. (*State v. Mitchell*, 220 Kan. 700, 556 P. 2d 874; *State v. Rives*, 220 Kan. 141, 551 P. 2d 788; and *State v. Ponds and Garrett*, 218 Kan. 416, 420, 543 P. 2d 967. When a physical object is offered into evidence and a question of fact arises as to its connection with either the defendant or the crime, unless it is clearly irrelevant the object should be admitted for such weight and effect as the jury sees fit to give it. (*State v. Ponds and Garrett*, supra at Syl. 5.)

Here the connection between state's Exhibit No. 3, the knife, and the accused was only partially established when the knife was admitted into evidence. At the time of admission, Betty Carter had testified the knife looked like the one used by the robber, whom she had identified as the appellant. It was not until evidence was presented dealing with the South Oliver robbery that Detective Maloney testified the knife had been removed from the glove compartment of a car belonging to another, but driven by the appellant following his August 9, 1974, arrest. This was after the state announced it would present no further evidence concerning the East Lincoln robbery but before the state rested its case in the consolidated trial. Since the charges were consolidated for trial, this simply amounted to the establishment of a valid foundation for the admission of the evidence after its acceptance. However, the order in which the evidence was presented for the admission of the knife into evidence is inconsequential, since the same jury heard all the evidence. To accommodate counsel in the orderly presentation of their case, trial courts frequently admit evidence on the condition that the necessary foundation be established later in the trial to show its relevance. (See, *The State v. Rennaker*, 75 Kan. 685, Syl. 1, 90 Pac. 245; and 24B C. J. S., Criminal Law, § 1915 [14] [b], p. 101.)

The record indicates both of the appellant's counsel had an opportunity to cross-examine the witnesses regarding the August 9, 1974, search which produced the knife. (*State v. Williams & Reynolds*, 217 Kan. 400, 402, 536 P. 2d 1395.)

The appellant contends too great a period of time elapsed between the commission of the Lincoln robbery charges and his arrest on August 9, 1974, to show possession or ownership of the knife. He contends evidence relating to his possession of the knife was too remote and hence inadmissible. There was an approximate six-week time span between the two events.

The appellant's argument is based on *State v. Kehr*, 133 Iowa 35, 110 N. W. 149 (1907). There a burglar armed with a revolver broke into a house and fired a shot. When the defendant was arrested two months later, he had in his possession a revolver which the court admitted into evidence. But there was no evidence tending to show the defendant's revolver fired the bullet in the house, there was no eyewitness identifying the defendant as the burglar, and there was no eyewitness identifying the revolver as similar to the one used by the burglar.

*State v. Kehr*, supra, is distinguishable. Here Betty Carter identified the appellant as the robber and testified a knife sufficiently connected with the appellant was similar to the one carried by the robber. The time span involved is not so great as to impair the relevancy of the appellant's possession of a knife similar to the robbery weapon. This court has rejected an identical argument where a two-month time span was involved. (*State v. Calvert*, 211 Kan. 174, 180, 505 P. 2d 1110.) (See also *State v. Mitchell*, supra.)

The appellant further contends there is no showing he had exclusive *possession* of the knife. When arrested on August 9, 1974, the appellant was *alone* in a station wagon belonging to Janet Moore. The knife was stuck through the fiberboard of the right-hand side of the glove compartment in the station wagon. This is a sufficient *connection* between the knife and the appellant for its admission into evidence. Lack of ownership in the automobile does not destroy the relevancy of the evidence. (*State v. Steward*, 219 Kan. 256, 266, 547 P. 2d 773.) The lack of positive identification and ownership of a knife or other weapon found in the glove compartment goes to the weight to be given such evidence, rather than to its admissibility. (*State v. Stewart*, 219 Kan. 523, 526, 548 P. 2d 787; and *State v. Myers*, 154 Kan. 648, 121 P. 2d 286.) (See also *State v. Dearman*, 203 Kan. 94, 97, 453 P. 2d 7, *cert. denied*, 396 U. S. 895, 24 L. Ed. 2d 173, 90 S. Ct. 194; *State v. Ponds and Garrett*, supra at 420; and *State v. Joseph Little*, 201 Kan. 101, 439 P. 2d 383.)

The judgment of the lower court is affirmed.