No. 76,557

STATE OF KANSAS, *Appellant,* v. ERNEST L. TAYLOR, *Appellee.*

(939 P.2d 904)

Opinion filed
May 30, 1997.

*Charles R. Reimer*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*Debra J. Wilson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State of Kansas appeals upon a question reserved, pursuant to K.S.A. 22-3602(b)(3). The State disputes the district court's finding that when one conviction, previously consolidated for trial with convictions from other complaints, is used as an element in a subsequent crime, the other previously consolidated convictions cannot be used in determining the defendant's criminal history.

On October 10, 1995, defendant Ernest L. Taylor pled guilty to nine counts in three complaints which had been consolidated for trial: (1) in case No. 95 CR 967, defendant was convicted of making a false writing, K.S.A. 21-3711 (a severity level 8 nonperson felony); two counts of criminal damage to property, K.S.A. 21-3720 (one a severity level 9 nonperson felony and one a Class B misdemeanor); and burglary, K.S.A. 21-3715 (a severity level 9 nonperson felony); (2) in case No. 95 CR 1008, defendant was convicted of two counts of theft, K.S.A. 21-3701 (one a severity level 9 nonperson felony, one a class A misdemeanor); one count of fleeing or attempting to elude an officer, K.S.A. 1994 Supp. 8-1568(a) (a class B nonperson misdemeanor); and one count of reckless driving, K.S.A. 8-1566; and (3) in case No. 95 CR 1353, defendant was convicted of cocaine possession (a severity level 4 offense). After Taylor had pled guilty, the State and defense counsel informed the district judge that Taylor's criminal history score was "I." The sentencing judge agreed and, after sentencing Taylor on October 26, 1995, placed him on probation in a residential community corrections facility.

On January 19, 1996, Taylor was charged with aggravated escape from custody, K.S.A. 21-3810(a), a severity level 8 nonperson felony. In the complaint, the State alleged that Taylor escaped from

the residential facility while being held for the October 10, 1995, conviction of possession of cocaine in case No. 95 CR 1353. After Taylor was apprehended, he admitted signing out of the residential community corrections facility and failing to return. Taylor pled guilty to the escape charge on February 6, 1996.

Taylor's sentencing hearing on the escape charge was held on March 3, 1996. The State raised the issue of the proper computation of Taylor's criminal history score in the previous consolidated cases. For the first time, the State argued that Taylor's criminal history score at the prior October 10, 1995, sentencing was not "I"; therefore, the judge had imposed an illegal sentence for those crimes. The district judge observed that the cases had been properly consolidated for trial. Since consolidated cases are not counted individually when scoring an individual's criminal history, the judge concluded that Taylor had received the proper sentence on October 10, 1995.

With respect to calculating Taylor's aggravated escape criminal history score, the State conceded that his prior October 10, 1995, conviction for possession of cocaine could not be counted in determining his criminal history since it was an element of the January 19, 1996, aggravated escape charge. The State asserted that all Taylor's other prior October 10, 1995, convictions should be counted in scoring his criminal history for the aggravated escape conviction. The district judge disagreed, stating:

"I'll find as a matter of law that, under the Sentencing Guidelines Act, once a case is consolidated, whether it's by the State or by the defense . . . , it is a single case with all the various counts in as though it had been filed as a single case.

"I will further find as a matter of law, under the sentencing guidelines, where that single case is used or any crime from that single case is used to enhance, such as in misdemeanor escape from custody to a felony escape from custody, the State may not use the rest of that case, the rest of the charges, the rest of the convictions in that case for criminal history purposes."

The district court determined that Taylor's criminal history for the aggravated escape conviction was "I" and sentenced Taylor to 8 months' imprisonment, to be served consecutive to his prior sentences.

## DISCUSSION

### I. The 1995 Sentence on the Consolidated Complaints

The State first argues that Taylor's sentence imposed on October 26, 1995, for the three consolidated complaints was illegal because the district court failed to count each of the other convictions in determining his criminal history. We note that effective July 1, 1995, the legislature amended the "prior convictions" definition in K.S.A. 1994 Supp. 21-4710(a) to preclude the use of other counts joined for trial in a current offense in determining criminal history. However, since Taylor committed these offenses prior to July 1, 1995, his sentence is governed by the 1994 version of the sentencing guidelines.

Taylor argues that this court has no jurisdiction to decide whether his sentence imposed on October 26, 1995, was incorrect because the State's notice of appeal did not designate the three consolidated cases in its statement of the question reserved. The record supports Taylor's assertion. The question reserved by the State is:

"Whether, when a defendant is in lawful custody from a sentence imposed for cases which were consolidated for trial and commits a new crime of aggravated escape from custody, which requires as an element a conviction for a crime, and one of the convictions is used to supply that element, the remaining counts which were previously consolidated may be used in determining the defendant's criminal history for his new crime?"

The State's notice of appeal only designates case No. 96 CR 130 (the aggravated escape charge) as the case appealed. Furthermore, the docketing statement filed by the State reflects that the single issue appealed relates to the sentence pronounced on March 3, 1996, for the aggravated escape conviction. The State, however, argues that even though it appealed under K.S.A. 22-3602(b)(3) and failed to raise this issue as a question reserved in its notice of appeal, this court has jurisdiction to determine and correct the sentence pursuant to K.S.A. 22-3504, which provides in part: "The court may correct an illegal sentence at any time."

An appellate court has only such jurisdiction as is provided by law. An appeal to this court may be taken by the prosecution as a

matter of right after a final judgment in district court upon a question reserved by the prosecution. K.S.A. 22-3602(b)(3). One of the purposes for permitting the State to appeal a question reserved is to allow the prosecution to obtain review of an adverse legal ruling on an issue of statewide interest important to the correct and uniform administration of the criminal law which otherwise would not be subject to appellate review. *State v. Roderick*, 259 Kan. 107, Syl. ¶ 1, 911 P.2d 159 (1996).

It is a fundamental rule of Kansas appellate procedure that an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal. *State v. Kerby*, 259 Kan. 104, Syl. ¶ 2, 910 P.2d 836 (1996); *State v. G.W.A.*, 258 Kan. 703, 705-07, 906 P.2d 657 (1995); *State v. Grant*, 19 Kan. App. 2d 868, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994). Here, the State's notice of appeal designated the 1996 sentence in the aggravated escape from custody case as the only issue appealed and stated that the appeal was "taken to the Supreme Court pursuant to K.S.A. 22-3602(b)(3)," which permits the State to appeal on a question reserved. We have previously noted that when the prosecution appeals on a question reserved, the prosecution has no statutory authority to later expand the question reserved in its notice of appeal. See *State v. Mountjoy*, 257 Kan. 163, 167, 891 P.2d 376 (1995). Although K.S.A. 22-3504 provides that the court may correct an illegal sentence at any time, this does not relieve the State of its obligation to file an appeal pursuant to K.S.A. 22-3504 and raise the issue. In its notice of appeal the State neither reserved a question related to the 1995 criminal history score nor claimed that an illegal sentence had been imposed. The district court's sentence of October 26, 1995, is not included in the question reserved; under these circumstances, the determination that Taylor's criminal history score in that case is "I" is still binding.

## II. The 1996 Sentence on the Aggravated Escape from Custody Conviction

On February 6, 1996, the district court determined that Taylor's criminal history score for the 1996 aggravated escape from custody conviction was "I" and sentenced Taylor to 8 months' imprison-

ment, to be served consecutive to the prior October 26, 1995, sentences. On appeal, the State argues that the district judge's refusal to consider all of the prior 1995 convictions in determining Taylor's criminal history score on the aggravated escape charge was error. The State contends that when a defendant commits a crime, such as aggravated escape from custody, which requires a conviction of another crime as an element, and one of several prior convictions, previously consolidated for trial, is used as an element of the charged crime, the remaining prior convictions must be computed in determining the defendant's criminal history score.

Taylor, on the other hand, notes that when the Kansas Sentencing Commission was established, it was directed to develop a sentencing guidelines system "based on fairness and equity" and to establish "rational and consistent sentencing standards which reduce sentence disparity." L. 1989, ch. 225, § 1. Taylor argues that the State's position neither effectuates the legislative intent to standardize sentences so that similarly situated offenders are treated the same nor eliminates the effects of racial or geographic bias.

Taylor further argues that by interpreting the sentencing guidelines provision as the State suggests, a prosecutor could manipulate criminal history scores and presumptive sentences by choosing which or how many underlying felonies to plead in a complaint alleging escape from custody. As authority for this argument, Taylor cites K.S.A. 21-4713(f), which provides that the prosecutor may not make any agreement to exclude any prior conviction from the criminal history of the defendant. Taylor concludes that the disparity in treatment between identically situated defendants would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because identically situated defendants would receive varying presumptive sentences, based on the prosecutor's drafting of the complaint. Taylor cites no authority for this proposition other than K.S.A. 21-4713(f). This statute, however, relates to prosecutorial discretion in reaching plea bargains and does not apply in this instance.

A claim similar to Taylor's equal protection argument was raised in prior cases regarding the Habitual Criminal Act, K.S.A. 21-4504. See, *e.g.*, *Gladen v. State*, 196 Kan. 586, 413 P.2d 124 (1966). In

*Gladen*, the defendant noted that under the sentencing statutes, two felons, each with identical records of prior convictions, could receive different sentences, depending upon whether the county attorney requested that the Habitual Criminal Act be invoked and introduced evidence from which the court could make the necessary finding. Gladen contended that such arbitrary and deliberate application of the provisions rendered the Habitual Criminal Act unconstitutional. 196 Kan. at 588. We held that the exercise of discretion in applying the Habitual Criminal Act to different offenders does not deny equal protection in the absence of a showing of willful, arbitrary, designed, deliberate, intentional, or concerted action. 196 Kan. 586, Syl. ¶ 2. Although Taylor's brief contains speculation as to what sentencing outcomes multiple defendants could face in hypothetical situations, these statements are insufficient to raise a denial of equal protection claim.

The State asserts that resolution of this issue is controlled by *Roderick*, 259 Kan. 107. In *Roderick*, the court entertained the following question reserved by the State: "Does the fact that a defendant enters guilty pleas for multiple offenses in separate cases on the same date preclude the use of those convictions in determining the defendant's guidelines criminal history score for sentencing on those offenses?" 259 Kan. at 109. The only difference between the facts in *Roderick* and our facts is that Taylor entered guilty pleas to multiple offenses charged in separate complaints which were consolidated for trial.

The *Roderick* court noted that the KSGA defines "criminal history" as convictions " 'possessed by an offender at the time such offender is sentenced.' K.S.A. 1994 Supp. 21-4703(c)." 259 Kan. at 113 (quoting *State v. Chronister*, 21 Kan. App. 2d 589, 596, 903 P.2d 1345 [1995]) (no contest plea to sexual exploitation of a child in case pending in one county counted in defendant's guidelines criminal history at time defendant sentenced in case pending in another county for aggravated incest and sexual exploitation of the same child). The *Roderick* court then found that the definition of "prior conviction" in K.S.A. 1994 Supp. 21-4710(a) was clearly stated and that a "prior conviction" included multiple convictions entered on the same date in different cases for purposes of sen-

tencing for any of those convictions. The *Roderick* court found K.S.A. 1994 Supp. 21-4710(a) and (d)(11) to be plain and unambiguous and adopted the "inclusive rule." This rule provides that when the presumptive sentence for the first crime is being determined, the second and third crimes are included in the criminal history score. When the presumptive sentence for the second crime is being determined, the first and third crimes are included in the criminal history score, and so on. 259 Kan. 107, Syl. ¶ 4.

Resolution of this criminal history sentencing issue involves the interpretation of various provisions of the guidelines. The interpretation of statutory sentencing guidelines is a question of law, and, thus, our scope of review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). The general rule is that criminal statutes must be strictly construed in favor of the accused. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995). Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, we must give effect to the intention of the legislature, rather than determine what the law should or should not be. *Cox*, 258 Kan. 557, Syl. ¶ 7.

To determine our issue, it is necessary to understand the significance of the complaint and the effect of consolidating complaints for trial. The complaint or information is a written statement of the essential facts of the crime or crimes charged. K.S.A. 22-3201(b). Two or more crimes may be charged against a defendant in the same complaint, information, or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. K.S.A. 22-3202(1). If the court approves, two or more separate complaints, informations, or indictments against a single defendant may be tried together if the crimes could have been joined in a single complaint, information, or indictment. K.S.A. 22-3203.

When separate complaints are consolidated for trial, there is a single trial and the jury is to determine each charge on the evidence submitted on each count of the separate complaints. See *State v. Boone*, 220 Kan. 771, Syl. ¶ 1, 556 P.2d 864 (1976).

A prior conviction for purposes of determining a defendant's criminal history category is any conviction which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case. K.S.A. 1994 Supp. 21-4710(a).

Aggravated escape from custody is escaping while being held in lawful custody upon a charge or conviction of a felony. K.S.A. 21-3810(a). Aggravated escape from custody is a severity level 8 nonperson felony. K.S.A. 21-3810(c)(1). Taylor's aggravated escape charge requires the use of a prior conviction as an element of that crime. The intent of the legislature is to include all prior convictions on an offender's criminal history unless prohibited by statute. The guidelines provisions of K.S.A. 1994 Supp. 21-4710(a) and (d)(11) expressly indicate that for purposes of determining a defendant's criminal history category, all prior convictions are to be considered if they occurred before commission of the current offense or conviction in the current case and are not used as an element of the present crime, do not enhance the severity level or applicable penalties, or do not elevate the classification from misdemeanor to felony.

Using all of Taylor's prior 1995 convictions, other than the conviction which was used to provide an element of the aggravated escape charge, to determine his criminal history category is consistent with the criminal history principles of the sentencing guidelines. The State was not required by statute to include all of Taylor's other 1995 felony convictions in cases 95 CR 976 and 95 CR 1008 as elements of the aggravated escape from custody charge. Prior convictions of crimes which are used as an element of the present crime shall not be counted in determining the criminal history category; however, all other prior convictions are to be used in determining the criminal history score unless prohibited by statute. K.S.A. 1994 Supp. 21-4710(d)(11). Because the other prior 1995

convictions were not used as an element in the charge of aggravated escape from custody, and are otherwise applicable to scoring Taylor's criminal history, they must be counted as part of his criminal history.

We sustain the State's appeal on the question reserved under K.S.A. 22-3602(b)(3) and remand for resentencing.