Kansas Sentencing Commission Jayhawk Tower 700 Jackson Street, Suite 501 Topeka, Kansas 66603-3731
Dear Commission Members:
On behalf of the Kansas Sentencing Commission, your staff attorney requested our opinion regarding the proper application of the second clause of K.S.A. 1997 Supp. 21-4711(a), which addresses prior convictions or juvenile adjudications for assault "occurring within a period of three years," when calculating criminal history scores under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq. The specific portion of K.S.A. 1997 Supp. 21-4711(a) in question reads as follows:
 "Every three prior adult convictions or juvenile adjudications of assault as defined in K.S.A. 21-3408
and amendments thereto occurring within a period of three years shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes. " (Emphasis added).
You state that the Commission has been contacted over the past few months by a number of attorneys from across the state inquiring about the proper application of the criminal history aggregation factor for class C misdemeanor assaults, as provided for by K.S.A. 1997 Supp. 21-4711(a). You note the differences of opinion between attorneys from the prosecution perspective and the defense perspective as to the interpretation and application of the provision. You state that many of the attorneys from the prosecution perspective advocate an interpretation of the phrase "occurring within a period of three years" to mean any
three calendar years in which an offender was convicted or adjudicated as a juvenile on three charges of assault. Under this view, an offender with three prior assaults occurring within any three year period would forever after have a criminal history containing an aggregated person felony. On the other side, you note that the defense perspective advocates an interpretation of that phrase to mean either three years from the date of sentencing or three years from the date of the present crime. This would mean that if an offender had prior assault convictions in his criminal history but those prior convictions took place more than three years before sentencing for the offender's current conviction or the date of the current offense, the prior assault convictions would not aggregate to a person felony for the offender's present criminal history calculation.
We have been unable to locate any case law, legislative history, or other authority that addresses the portion of the statute in question. Therefore, in order to answer your question, we must apply the well established rules of statutory construction.
The fundamental rule of statutory construction is that the intent of the Legislature governs when that intent can be ascertained from the statute.[1] Generally, criminal statutes must be strictly construed in favor of the accused and any reasonable doubt about the meaning is decided in favor of the person subjected to the criminal statute.[2]
The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.[3] Another primary rule of statutory construction provides that we are to find legislative intent from the language of the statute itself, and where the language is plain, unambiguous and also appropriate to the obvious purpose, the court should follow the intent as expressed by the words used.[4]
Accordingly, we must adhere to the fundamental rule of statutory construction and determine whether the legislative intent can be ascertained from the statute itself. The question concerns the appropriate reference point for determining whether three convictions of adjudications occurred within three years. The specific issue thus becomes whether the Legislature's intent concerning the reference point may be gleaned from the language of K.S.A. 21-4711.
We believe legislative intent is manifested in the language of the statute. It is clear that the Legislature gives us just one reference point with which to measure the time: the prior convictions or adjudications themselves. The Legislature neither supplied nor implied any other point of reference. Therefore, the only reasonable interpretation of legislative intent is that the Legislature intended that convictions or adjudications of assault that occur within any three year period of each other shall be aggregated into a one person felony. In accordance with the fundamental rule of statutory construction, we find the legislative intent from the language of the statute itself; thus, the subordinate rule of strict construction in favor of the accused does not come into consideration.
This reasoning is further bolstered by the rule of statutory construction which states that a court cannot delete or supply vital omissions in a statute. No matter what the Legislature may have intended to do, if it did not in fact do it under any reasonable interpretation of the language used, the omission is one which the Legislature alone can correct.[5] Any argument that the reference point for calculating the criminal history should be the date of sentencing or the date of the present crime cannot overcome the absence of any legislative indication of intent to do so. If the Legislature had intended to use the sentencing date or date of the crime as the reference point but did not expressly do so, such omission is one which only the Legislature can supply. We are not warranted in rewriting the statute if no reasonable interpretation from the language provides a basis for doing so.
We also note that the Legislature did not specify "calendar years" in the phrase "occurring within a period of three years." Therefore, rather than using three calendar years as the aggregation period, whenever three convictions or adjudications of assault have occurred within any period of three years, an aggregation of one person felony should be scored.
In conclusion, for purposes of calculating a defendant's criminal history, the language of K.S.A. 1997 Supp. 21-4711(a) manifests the intent of the Legislature that every three prior adult convictions or juvenile adjudications of assault occurring within any period of three years shall be rated as one adult conviction or one juvenile adjudication of a person felony.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] State v. Roderick, 259 Kan. 107, 110 (1996).
[2] State v. Taylor, 262 Kan. 471, 478 (1997).
[3] Id.
[4] Blauvelt v. Board of Leavenworth County Comm'rs, 227 Kan. 110, 113
(1980).
[5] Kenyon v. Kansas Power Light Co., 254 Kan. 287, 293 (1993).