Sherry Diel, Executive Director Kansas Real Estate Commission Three Townsite Plaza, Suite 200 120 S.E. 6th Ave. Topeka, Kansas 66603-35121
Dear Ms. Diel:
You request our opinion regarding whether a proposed agreement between the Kansas Real Estate Commission and the Association of Real Estate License Law Officials would violate Kansas law.
The Association of Real Estate License Law Officials (ARELLO) and the National Association of Realtors (NAR) have entered into a joint venture to create a international data base of real estate licensees. ARELLO serves as a national clearinghouse for information relevant to regulation of real estate activities. The Real Estate Commission (Commission) is a member of ARELLO. NAR is a national trade organization for real estate agents. The proposed agreement would have the Commission contribute demographic and licensing information on each Kansas licensee. Eventually, discipline and continuing education information for each licensee would be available on a web site.
The proposed agreement contains the following language:
 "By your (the Commission's) participation, NAR has the permission of your organization to use all of the licensee/registrant data supplied to the web site for purposes of membership recruitment, statistics, marketing products, and promotion of `RealtorVIP affiliates'."
The RealtorVIP Alliance Program consists of benefits or special discount programs which are exclusively available to members of NAR. The special offers include: retirement and estate planning seminars, discounts on investment trading, banking services, errors and omissions coverage, home and auto insurance, health insurance, pre-paid legal services, discounts on telephone services, discounts on computer hardware and software, discounts on office supplies and equipment, discounts on vehicles, discounts on rental cars, cruise packages, discounts on real estate books and training materials, and discounts on gifts and gratuities. The Alliance Program apparently also arranges for members listings to be included on the web site.
K.S.A. 21-3914 provides, in relevant part:
 "(a) No person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records except:
. . . .
 "(2) lists of names and addresses of persons licensed, registered or issued certificates or permits to practice a profession or vocation may be sold or given to, and received by, an organization of persons who practice that profession or vocation for membership, informational or other purposes related to the practice of the profession or vocation. . . ."[1]
This statute carries a criminal penalty[2] and so it must be strictly construed in favor of persons sought to be subject to it[3] if such a construction is reasonable and serves to effect the apparent legislative design and intent.[4] In previous opinions we have noted that K.S.A.21-3914 would not prohibit obtaining a list of the new residents of a city for the purpose of providing them with packets of information on the local community, including information on area churches.[5]
Additionally, it has been opined that the express language of the statute does not prohibit obtaining a list of names for the purpose of buying
property from the persons in the list.[6]
But if the phrase "informational or other purposes related to the practice of the profession" would allow solicitations for products and services such as discounts on rental cars and cruises, there would be nothing left of the general prohibition. We believe that this language only allows solicitations that have a direct relation to the practice of the profession. It would include only services or items that would not be of interest to the general public.
For instance, errors and omissions coverage is a service in which a professional would have a special interest. We believe that a list of names and addresses derived from public records could be obtained by an organization of persons who practice a particular profession or vocation for the purpose of soliciting sales of that specific type of insurance. Use of such a list for purposes of soliciting sales of home and auto insurance would, however, be prohibited. Lists could be obtained for the purpose of sending mailings on the availability of educational materials or courses on the practice of real estate.[7] Anything that is a tool of the trade, relating to the practice of real estate would qualify for the exception allowing use of such lists for purposes of solicitation.
One other issue needs to be raised. The express language of 21-3914(a)(2) only allows transfer of the list to "an organization of persons who practice that profession or vocation." In other words, membership is only open to the professionals, not the public at large. We assume, but do not know, that ARELLO and NAR are such organizations.
Finally, we note that it appears ARELLO and NAR may actually be transferring the membership list on to other businesses, that in turn may use the lists for solicitation purposes. This office has previously stated that neither a person who requests a record, nor a third party who obtains the information from a "requestor," may use a list of names and addresses derived from public records in violation of K.S.A. 21-3914.[8]
If ARELLO and NAR were to transfer the information to businesses that are not "professional organizations," it is our opinion that they would be in violation of K.S.A. 21-3914.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:SP:JLM:jm
[1] See also K.S.A. 45-220(c)(2).
[2] K.S.A. 21-3914(b).
[3] State v. Schlein, 253 Kan. 205 (1993).
[4] State v. Taylor, 262 Kan. 471 (1997).
[5] Attorney General Opinion No. 2000-35.
[6] Attorney General Opinion No. 98-55.
[7] K.S.A. 21-3914(a)(3) contains a specific reference to educational materials. That subsection, however, applies only to applicants for examination or licensure. It seems to allow more limited solicitation than subsection (2).
[8] See Attorney General Opinions No. 84-106 and 85-34.