(89 P.3d 928)
No. 90,221

STATE OF KANSAS, *Appellee*, v. JOHNNY MCCURRY, JR., *Appellant*.

Opinion filed May 14, 2004.

*Patrick H. Dunn*, assistant appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before MARQUARDT, P.J., PIERRON and GREEN, JJ.

PIERRON, J.: Johnny McCurry, Jr., argues his sentence is illegal because it violates the "double rule" under K.S.A. 1997 Supp. 21-4720(b)(4). We agree and reverse and remand for resentencing.

In three separate cases consolidated for trial, a jury convicted McCurry of three charges of aggravated robbery and one charge of kidnapping stemming from a series of robberies of Subway sandwich shops in May 1998. The court sentenced McCurry, the so-called "meatball bandit," to a controlling term of 653 months' incarceration. On appeal, this court reversed the kidnapping conviction and remanded the case for resentencing based on the incorrect use of McCurry's criminal history score. See *State v. McCurry*, case No. 84,856, an unpublished opinion filed November 16, 2001.

On remand, the district court sentenced McCurry to 64 months' incarceration for each of the three aggravated robbery convictions, using criminal history level G and crime severity level 3, for a controlling term of 192 months' incarceration. McCurry filed a pro se motion to correct an illegal sentence and argued that since all three cases were consolidated for trial, his maximum sentence could not exceed 128 months—twice his base sentence—under 21-4720(b)(4). The district court denied McCurry's motion.

The issue on appeal is apparently simple—when separate cases are consolidated for trial and sentenced on the same date, does the "double rule" in 21-4720(b)(4) prevent the trial court from sentencing a defendant to greater than twice the base sentence? We believe it does.

The interpretation of the Kansas Sentencing Guidelines Act is a question of law, and, thus, our review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. The general rule is that a criminal statute must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The strict construction rule, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

K.S.A. 2003 Supp. 21-4720(b)(4), which has been unchanged since McCurry's conviction, provides in part:

"The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence. This limit shall apply only to the total sentence, and it shall not be necessary to reduce the duration of any of the nonbase sentences imposed to be served consecutively to the base sentence."

Several cases have interpreted 21-4720(b)(4). Our Supreme Court has discussed the breadth of the "double rule" in *State v. Roderick*, 259 Kan. 107, 911 P.2d 159 (1996), where it examined whether 21-4720(b)(4) applied to separate cases pled to on the same date. In finding 21-4720(b)(4) did not apply, the court reasoned that the legislature's elimination of all references of "conviction event" in 1994 limited the application of the double rule only to multiple convictions arising from multiple counts in the same charging document. The *Roderick* court held that the double rule "applies only to cases involving multiple convictions arising from multiple counts within an information, complaint or indictment, not multiple convictions arising from separate cases pled to on the same date." 259 Kan. at 114. See also *State v. Bolin*, 266

Kan. 18, 19, 968 P.2d 1104 (1998) (Where several cases were pled and sentenced on the same day, the court stated: "A multiple conviction is a case involving multiple crimes arising under a single charging document. The definition applies for all provisions of K.S.A. 21-4720[b].").

The State argues the *Roderick* rule should apply whether cases were tried or pled to on the same date. As a result, McCurry should be excluded from the rule because his multiple convictions did not arise from a single complaint. The State contends McCurry's case does not fit the statutory definition of multiple convictions because his cases were separate cases consolidated for trial, not multiple counts in the same charging document. However, the State's argument does not give sufficient consideration to the fact that all three cases at issue could be and were consolidated for trial.

In *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997), the court considered a situation where the defendant pled guilty to nine counts in three complaints which had been consolidated for trial. One of the appellate issues was whether the trial court erred in not considering the criminal history in each case as affecting the criminal history in the other cases during sentencing, *i.e.*, the *Roderick* rule. Although the *Taylor* court did not address the issue because the State's reserved question did not include the issue, the court noted that effective July 1, 1995, the legislature amended the "prior convictions" definition in K.S.A. 1994 Supp. 21-4710(a) to preclude the use of other counts joined for trial in the current offense in determining criminal history.

The double rule was not at issue in *Taylor*, but the case demonstrates the legislature's intent to apply a different rule for prior convictions when cases are actually consolidated for trial as opposed to pleading in several independent cases on the same date. See K.S.A. 21-4710(a).

The current case presents the next step in this line of cases of whether consolidation of cases invokes the double rule and theoretically treats that situation as though the cases had been brought together in the first place.

McCurry argues it would be fundamentally unfair to allow the State the benefit of presenting additional prejudicial evidence in

the consolidated case, which otherwise would be subject to the prohibitions of K.S.A. 60-455, while the defense receives nothing. He suggests not applying the double rule would deter defendants from agreeing to consolidation. The State counters that the purpose of the compulsory joinder rule is to prevent the prosecution from substantially proving a crime in a trial in which the crime is not charged, and then in effect retrying defendant for the same offense in a trial where it is charged. See *State v. Todd*, 262 Kan. 916, 919, 941 P.2d 1374 (1997); See also *State v. Arculeo*, 29 Kan. App. 2d 962, 970, 36 P.3d 305 (2001)(effect of former prosecution; the prosecution must be careful that no significant evidence of the subsequent case is presented in the prosecution of the first case). The State argues the joinder of McCurry's cases saved the potential of a much harsher sentence from three separate trials where his criminal history score could have been category A or B by the third prosecution and a presumptive sentence of 206 months' incarceration for aggravated robbery with a criminal history category of A.

The consolidation for trial of McCurry's three aggravated robbery cases is the central issue to this case. In *Taylor*, 262 Kan. at 479, the court stated: "When separate complaints are consolidated for trial, there is a single trial and the jury is to determine each charge on the evidence submitted on each count of the separate complaints." In *State v. Boone*, 220 Kan. 771, Syl. ¶ 1, 556 P.2d 880 (1976), the court stated: "When two or more complaints, informations or indictments against a single defendant are tried together under K.S.A. 22-3203, *the procedure should be the same as if the prosecution were under a single complaint, information or indictment*." (Emphasis added.)

The trial court consolidated all three cases based on K.S.A. 22-3203, which provides that the court can consolidate two or more complaints against a single defendant "if the crimes could have been joined in a single complaint, information or indictment." McCurry cites *State v. Aspinwall*, 173 Kan. 699, 710, 252 P.2d 841 (1953), and the common definition of "consolidate" in arguing that the legal effect of the consolidation was the merger into a single complaint or information. The effect of consolidation does not technically merge all the cases into one single complaint or infor-

mation, but the practical effect of the consolidation is exactly the same. To rule otherwise could lead to anomalous results. Counts that could, and possibly should, be charged together, could be charged individually and then consolidated just to avoid the legislatively mandated double rule.

The State also argues McCurry cannot present these consolidation issues because they were not raised in the original direct appeal. The State contends this violates the "mandate rule" in that this appeal exceeds the issues which the mandate of the decision covers. McCurry's original sentence violated 21-4720(b)(4), and this should have been raised in the first appeal. However, we reversed and remanded his original sentence because the trial court improperly determined the criminal history, and the kidnapping count was reversed. Upon remand, McCurry was completely resentenced with a new criminal history ranking and the absence of the kidnapping conviction. He should not be prevented from raising issues surrounding 21-4720(b)(4) where he was resentenced on all crimes. The matter under appeal is a new issue, but concerning a new sentence.

In multiple conviction cases where consecutive sentences are imposed, 21-4720 requires the trial court to establish a "base sentence for the primary crime. The primary crime is the crime with the highest crime severity level ranking." See *State v. Vontress*, 266 Kan. 248, 260, 970 P.2d 42 (1998). Even in a consolidated case situation, the trial court can still determine the primary crime from all the cases together and use that crime for purposes of determining a violation of the double rule. The double rule in 21-4720(b)(4) applies to cases consolidated for trial.

The sentence is vacated and the case is remanded for resentencing consistent with this decision.