Nos. 105,319
105,320

STATE OF KANSAS, *Appellee*, v. GREGORY ANTHONY O'CONNOR, *Appellant*.
(326 P.3d 1064)

Opinion filed June 13, 2014.

*Shawn E. Minihan* and *Patrick H. Dunn*, of Kansas Appellate Defender Office, were on the briefs for appellant.

*Melissa Jones*, legal intern, *Bethany C. Fields*, deputy county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: This is a consolidated appeal of two cases in which Gregory A. O'Connor pled nolo contendere to certain charges. He seeks review of the Court of Appeals decision to affirm the district court's classification of a prior Florida juvenile adjudication for third-degree burglary as a *person* felony for purposes of calculating his Kansas criminal history score. That designation increased the length of the aggregate sentence he is appealing here. Finding that the district court and Court of Appeals failed to use the specific crime for which O'Connor was actually adjudicated in Florida and instead impermissibly considered alleged facts that were not proved in the Florida adjudication, we vacate the sentences and remand to the district court for resentencing.

### FACTUAL AND PROCEDURAL OVERVIEW

O'Connor entered nolo contendere pleas to aggravated robbery and possession of marijuana in case No. 09CR569 (No. 105,319) and to burglary and contributing to a child's misconduct in case No. 09CR729 (No. 105,320). At sentencing, O'Connor objected to that portion of his presentence investigation report (PSI) that classified a prior Florida juvenile adjudication as a person felony rather than a nonperson felony. The district court overruled O'Connor's objection, finding the person felony designation to be proper under Kansas law. That determination led to a criminal history score of B in the first case, and then adding that conviction to the calculation made the criminal history score for the second case an A. The court ran the felony sentences concurrently, resulting in a controlling term of 144 months' imprisonment.

O'Connor filed a timely appeal to the Court of Appeals, which affirmed the district court's determination that the prior Florida juvenile adjudication was a person felony. *State v. O'Connor*, No. 105,319, 2012 WL 686801, at *5 (Kan. App. 2012) (unpublished opinion). The panel noted that, under K.S.A. 21-4711(e), the State of Kansas classifies an out-of-state crime as person or nonperson

by looking at comparable Kansas crimes. Here, the comparable Kansas crime that would permit O'Connor's Florida burglary adjudication to be classified as a person felony would be burglary of a dwelling, *i.e.*, the structure O'Connor burglarized in Florida had to be a dwelling. 2012 WL 686801, at *3-4 (citing K.S.A. 21-3715). The panel acknowledged that O'Connor's Florida plea agreement did not state that he burglarized a dwelling, but to the contrary, "his juvenile adjudication was for third-degree burglary, which would not satisfy Kansas' 'dwelling' requirement." 2012 WL 686801, at *5.

Nevertheless, citing to prior Court of Appeals decisions, the panel declared that a Kansas sentencing court "may use underlying facts to determine if a burglary should be classified as a person or nonperson felony for criminal history purposes." 2012 WL 686801, at *3. Then, the panel opined that, since the State's burden was only a preponderance of the evidence, it "merely needed to prove that it was more probably true than not true that O'Connor's prior burglary was of a dwelling." 2012 WL 686801, at *4. The panel found that the State had met that burden of proof through two pieces of evidence—a Florida police report and a letter from O'Connor's mother—both of which contained allegations that O'Connor had broken into his mother's bedroom to steal money from her. 2012 WL 686801, at *4. Consequently, the panel held "these underlying facts support the conclusion that the trial court properly classified O'Connor's out-of-state juvenile adjudication as a person felony." 2012 WL 686801, at *4.

This court granted O'Connor's timely filed petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

CLASSIFICATION OF OUT-OF-STATE JUVENILE ADJUDICATION

The sole issue presented in this review is whether the Court of Appeals erred in affirming the district court's classification of O'Connor's prior Florida juvenile adjudication for burglary as a person felony for purposes of computing his criminal history score under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* Although the Court of Appeals looked at the suffi-

ciency of the evidence to support the district court's factual finding that O'Connor had burglarized a dwelling in Florida, we confine our review to the question of whether the district court correctly applied the KSGA.

*Standard of Review*

" 'Resolution of a criminal history sentencing issue involves the interpretation of various provisions of the sentencing guidelines. The interpretation of statutes is a question of law, and, thus, the scope of review is unlimited.' *State v. Taylor*, 262 Kan. 471, Syl. ¶ 4, 939 P.2d 904 (1997)." *State v. Vandervort*, 276 Kan. 164, 173, 72 P.3d 925 (2003); see also *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009) (Whether a district court has correctly interpreted and applied the provisions of the KSGA is a question of law subject to de novo review.).

*Analysis*

We discern that the question presented involves an interpretation of three statutes: (1) K.S.A. 21-4711(e), a part of the KSGA; (2) K.S.A. 21-3715, the Kansas burglary statute; and (3) Fla. Stat. § 810.02 (2000), the Florida burglary statute. Of course, the most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained from the plain and unambiguous language of the statute. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). Moreover, in the criminal context, " '[t]he general rule is that a criminal statute must be strictly construed in favor of the accused.' " *Vandervort*, 276 Kan. at 173 (quoting *Taylor*, 262 Kan. 471, Syl. ¶ 5).

We begin with K.S.A. 21-4711(e), which governs the effect of prior out-of-state crimes on a Kansas criminal history score. That statute provides, in relevant part:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. . . . The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. . . . The facts required to classify out-of-state adult convictions and juvenile adjudi-

cations must be established by the state by a preponderance of the evidence." K.S.A. 21-4711(e).

The first plain and unambiguous statutory directive is that "[o]ut-of-state *convictions* and juvenile *adjudications* will be used" in the criminal history calculus. (Emphasis added.) K.S.A. 21-4711(e). The provision does not say that the crime initially contained in the out-of-state charging document will be used. It does not say that a crime which *could* have been supported by the victim's allegations will be used. It does not say that the crime deemed most appropriate under the circumstances by one or more Kansas judges will be used. It plainly means that O'Connor's Kansas criminal history score is to be calculated based upon the Florida crime for which he was actually adjudicated in that state, regardless of any other crime that might have been supported by factual allegations. Here, no one disputes that the out-of-state juvenile adjudication was for the crime of third-degree burglary.

The next directive in the classification provision is to refer to comparable offenses. Obviously, the comparable Kansas offense for a Florida burglary would be our version of burglary. In 2000, Kansas defined burglary as

"knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure *which is a dwelling*, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure *which is not a dwelling*, with intent to commit a felony, theft or sexual battery therein; or

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein." (Emphasis added.) K.S.A. 21-3715.

K.S.A. 21-3715 classifies subsection (a) burglaries, *i.e.*, dwelling burglaries, as person felonies, whereas burglaries under subsections (b) and (c), *i.e.*, nondwelling burglaries, are classified as nonperson felonies. Quite simply, "[i]f the building is a dwelling, the crime is classified as a person felony; if not, it is a nonperson felony." *State v. Roose*, 41 Kan. App. 2d 435, 439, 203 P.3d 18 (2009).

In 2000, at the age of 13, O'Connor was arrested and charged with burglary of a residence and theft, but he entered into a plea

agreement whereby he pled guilty to third-degree burglary in exchange for a dismissal of the theft charge. At that time, the Florida burglary statute provided:

"810.02 Burglary.—

"(1) 'Burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

"(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender:

(a) Makes an assault or battery upon any person; or

(b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon; or

(c) Enters an occupied or unoccupied dwelling or structure, and:

1. Uses a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damages the dwelling or structure; or

2. Causes damage to the dwelling or structure, or to property within the dwelling or structure in excess of $1,000.

"(3) Burglary is a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:

(a) Dwelling, and there is another person in the dwelling at the time the offender enters or remains;

(b) Dwelling, and there is not another person in the dwelling at the time the offender enters or remains;

(c) Structure, and there is another person in the structure at the time the offender enters or remains; or

(d) Conveyance, and there is another person in the conveyance at the time the offender enters or remains.

"(4) Burglary is a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:

(a) Structure, and there is not another person in the structure at the time the offender enters or remains; or

(b) Conveyance, and there is not another person in the conveyance at the time the offender enters or remains."

As one can see, the Florida statute did not utilize a person/nonperson classification, but the statute clearly differentiated between the burglary of a dwelling and the burglary of a nondwelling structure. Pursuant to statutory definition, first- and second-degree burglary under Fla. Stat. § 810.02(2) and (3) (2000) could have involved entry into a dwelling. But the crime for which O'Connor was adjudicated—third-degree burglary—clearly applied only to nondwelling structures. See Fla. Stat. § 810.02(4) (2000); see also *State v. Bennett*, 565 So. 2d 803, 804 (Fla. Dist. App. 1990) (order reducing burglary charges against defendant from "second degree [burglary of a dwelling] to a third degree felony [burglary of a structure]"); *Dakes v. State*, 545 So. 2d 939, 940 (Fla. Dist. App. 1989) ("burglary of an unoccupied structure which is not a dwelling is a felony of the third degree").

In other words, entry into a dwelling was not a necessary element the State of Florida had to prove to adjudicate O'Connor for third-degree burglary. To the contrary, the fact that O'Connor was adjudicated for a third-degree burglary in Florida affirmatively negates the fact that he entered a dwelling, as a matter of law, notwithstanding the factual allegations that were made prior to adjudication.

Therefore, it is crystal clear and beyond debate that the crime for which O'Connor was actually adjudicated in Florida—third-degree burglary—is closely comparable to a nonperson burglary of a nondwelling in Kansas; and that the adjudicated Florida crime is missing the defining legal element—entry into a dwelling—which would be needed to make it comparable to this state's person burglary. The analysis should have ended here with the Florida adjudication being scored as a nonperson felony.

But the Court of Appeals was apparently misdirected by that portion of K.S.A. 21-4711(e) which states that "[t]he facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." The panel did not restrict the Kansas factfinding to the crime for which O'Connor was adjudicated in Florida. See *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 247-48, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (fact of prior conviction need

not be proved to jury beyond reasonable doubt). Rather, the panel allowed the State of Kansas to establish by a preponderance of the evidence the *additional* fact of an entry into a dwelling, which fact never rose above a mere allegation in the Florida proceeding. O'Connor never admitted that fact, and that fact was not an element of the crime for which he was adjudicated. In other words, as a practical matter, the panel, through judicial factfinding by a preponderance of the evidence, adjudicated O'Connor for a higher degree of burglary than the Florida court had adjudicated him beyond a reasonable doubt.

An indication that the panel missed the mark is its declaration that "O'Connor did not dispute these underlying facts [indicating the structure was a dwelling] when he entered into his plea agreement." *O'Connor*, 2012 WL 686801, at *4. But as we have suggested, O'Connor had no reason to address the allegations that he burglarized a dwelling because he was in the process of pleading to a crime that specifically excluded dwellings from its definition. *Cf. Descamps v. United States*, 570 U.S. \_\_\_, 133 S. Ct. 2276, 2289, 186 L. Ed. 2d 438 (2013) (improper for district court to enhance defendant's sentence based on his supposed acquiescence to prosecutorial statements during plea agreement proceedings). Moreover, the prior Court of Appeals decisions relied upon by the panel are not on point because they involved a determination of the underlying facts which were required to obtain the out-of-state conviction, rather than additional facts which could have led to a conviction for another crime. That precedent might have been germane in this case if O'Connor had been adjudicated in Florida for first- or second-degree burglary, the definitions for which do not conclusively establish whether a dwelling was involved. But the Florida crime of third-degree burglary is inapplicable to dwellings, making it directly and unequivocally comparable to a non-dwelling burglary under Kansas law. Consequently, O'Connor's adjudication should have been classified as a nonperson felony.

Having resolved the question as a matter of statutory interpretation, we need not set forth a lengthy analysis of the parties' dispute about the applicability or effect of the United States Supreme Court decision in *Descamps*. Suffice it to say that *Descamps* reit-

erated the concept that judicial factfinding that increases the maximum sentence "raise[s] serious Sixth Amendment concerns if it [goes] beyond merely identifying a prior conviction." 133 S. Ct. at 2288. Here, the lower courts' judicial factfinding went way beyond simply identifying the prior adjudication as a third-degree burglary or identifying the facts necessary to support third-degree burglary. Instead, the Kansas courts used judicial factfinding to elevate the degree of burglary above that for which O'Connor was actually adjudicated in Florida and thereby used such factfinding to increase his maximum sentence.

O'Connor's sentence is vacated, and the matter is remanded to the district court for resentencing with a criminal history score that reflects the classification of the Florida burglary adjudication as a nonperson felony.

Judgment of the district court is reversed, sentence is vacated, and case is remanded with directions.

MORITZ, J., not participating.