No. 113,881

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERRICK BUELL,
*Appellant*.

SYLLABUS BY THE COURT

1.

A legal challenge to the classification of a prior burglary adjudication can be raised for the first time on appeal.

2.

A defendant's admission to each of the elements of a criminal offense in conjunction with a guilty plea is in no way an admission that the sentencing factors used to increase his or her sentence were proved beyond a reasonable doubt.

3.

While a defendant may specifically waive the right to have a jury decide sentence-enhancing factors, a waiver of the trial jury, standing alone, does not effectively waive the defendant's right to have a jury decide facts which increase his or her sentence beyond the statutory maximum.

4.

The Kansas Sentencing Guidelines Act (KSGA) provides that criminal sentences are essentially based on two controlling factors:  the criminal history of a defendant and

1

the severity level of the crime committed, with person crimes having a greater impact. A defendant's criminal history score is calculated by tabulating the offender's prior convictions, with A being the highest score and I being the lowest. Prior convictions or juvenile adjudications are classified as either misdemeanors or felonies, person or nonperson, with some exceptions. The more extensive a defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence.

5.

K.S.A. 2015 Supp. 21-6811(e) is applicable to scoring and classifying out-of-state burglary convictions or adjudications because the language in that portion of the statute plainly defines out-of-state convictions or adjudications as those occurring in other state systems.

6.

Under K.S.A. 2015 Supp. 21-6811(e), a prior out-of-state conviction or adjudication is classified as a misdemeanor or felony based upon how the convicting state classifies the crime. A prior out-of-state conviction or adjudication is classified as person or nonperson by referring to comparable Kansas offenses in effect at the time the defendant committed the underlying crime. If there is no comparable Kansas offense, then the out-of-state conviction or adjudication is scored as a nonperson offense.

7.

In evaluating what is a comparable offense under the KSGA, the essential question is whether the offenses are similar in nature and cover similar conduct. In making this comparison, the elements of each out-of-state conviction or adjudication do not need to be identical to the elements of a Kansas offense for them to be comparable. Offenses may be comparable even when the out-of-state statute encompasses some acts not necessarily encompassed by the Kansas statute.

2

8.

The comparable Kansas offense for a Florida burglary under K.S.A. 2015 Supp. 21-6811(e)(3) is the Kansas version of burglary.

9.

The element of intent is irrelevant to the determination of whether an out-of-state burglary conviction or adjudication should be properly classified as a person or nonperson felony because the only material difference between person felony burglary and nonperson felony burglary in Kansas is whether the burglary was committed in a dwelling.

10.

The *Descamps* categorical and noncategorical approach is to be utilized in determining whether a defendant's out-of-state burglary conviction or adjudication should be classified as a person or nonperson crime, *i.e.*, whether the out-of-state burglary involved a dwelling. See *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

11.

In the present case, the defendant's two 2002 juvenile adjudications for burglary in the state of Florida were properly classified as person felonies as the Florida burglary statute is divisible, with one or more of the elements containing burglary in a dwelling, and because the defendant admitted the burglaries were committed in a dwelling.

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed June 24, 2016. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin* and *Kyle Edelman*, assistant district attorneys, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

POWELL, J.: Derrick Buell appeals from his sentences for robbery and attempted kidnapping, arguing the district court erred in classifying his 2002 Florida juvenile adjudications of burglary of a dwelling and burglary of a dwelling while armed as person offenses. Buell claims that by doing so, the district court violated his constitutional rights as articulated in *Apprendi* and *Descamps*. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2015, pursuant to a plea agreement, Buell pled guilty to robbery and attempted kidnapping. According to the presentence investigation report (PSI), Buell's criminal history included two 2002 Florida juvenile adjudications, one labeled as burglary of a dwelling and one labeled as burglary of a dwelling while armed. At his sentencing, Buell objected to the classification of the adjudication for burglary of a dwelling while armed as a person felony, arguing there was no comparable Kansas offense because of the different intent requirements of burglary in Florida and Kansas. After examining the Florida charging document and a deposition, the district court overruled this objection. Buell did not object before the district court to the classification of his adjudication for burglary of a dwelling as a person felony. Accordingly, the district court scored Buell's criminal history as A and sentenced him on both counts to a total of 122 months' imprisonment with 24 months' postrelease supervision.

Buell timely appeals.

4

DID THE DISTRICT COURT INCORRECTLY CLASSIFY BUELL'S
PRIOR FLORIDA JUVENILE ADJUDICATIONS WHEN
CALCULATING BUELL'S CRIMINAL HISTORY SCORE?

On appeal, Buell argues the district court erred in classifying *both* of his 2002 Florida burglary juvenile adjudications as person offenses. Specifically, Buell argues the district court had to make improper factual determinations in order to find these Florida burglaries comparable to Kansas' burglary statute, violating his rights under the Sixth and Fourteenth Amendments to the United States Constitution as articulated by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In response, the State makes a number of arguments: First, the issue is not properly preserved for appeal; second, Buell waived his right to a jury at sentencing and, therefore, there was no error in the district court's failure to submit any facts to a jury; and third, the district court did not err in calculating Buell's criminal history score. We will address each argument in turn.

A.      *Preservation*

The State first argues the issue was not properly preserved for appeal because Buell's failure to object to the inclusion of his Florida adjudication for burglary of a dwelling in calculating his criminal history score was a de facto admission that the prior adjudication was comparable to Kansas' burglary statute to make it a person felony.

The State is correct that, in general, a party's failure to raise an issue below precludes appellate review. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, the State's argument falls short for two reasons. First, Buell did object to the classification of his Florida adjudication for burglary of a dwelling while armed as a person felony before the district court; second, as to the other Florida adjudication, our Supreme Court has recently held that a "legal challenge to the classification of [a] prior

5

burglary adjudication can be raised for the first time on appeal." *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015). To this, the State argues that *Dickey* was wrongly decided. However, we are "duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position." *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). As there is no such indication from our Supreme Court that it is departing from *Dickey*, we are bound to follow it. Therefore, Buell may raise this argument for the first time on appeal.

B.      *Waiver of Right to Jury at Sentencing*

The State next argues that Buell waived his right to a jury trial at sentencing. Specifically, the State argues that because Buell waived his right to a jury trial, he also waived his right to have a jury determine the existence of facts beyond those to which he pled that increased his sentence. See *State v. Williams*, 259 Kan. 432, 436, 913 P.2d 587 (1996).

However, our Supreme Court has rejected this argument in the context of upward departure sentences. "[A] defendant's admission to each of the elements of the criminal offense in conjunction with a guilty plea '"is in no way an admission that the sentencing factors used to increase [his or her] sentence were proved beyond a reasonable doubt."'" *State v. Horn*, 291 Kan. 1, 10, 238 P.3d 238 (2010) (quoting *State v. Cody*, 272 Kan. 564, 565, 35 P.3d 800 [2001]). While a defendant may specifically waive the right to have a jury decide sentence-enhancing factors, "[a] waiver of the trial jury, standing alone, does not effectively waive the defendant's right to have a jury for the upward durational departure sentence proceeding." 291 Kan. at 11. Accordingly, we reject the State's contention that Buell's jury trial waiver constituted a waiver of his right to require each fact used to enhance his sentence beyond the statutory maximum to be proven to a jury beyond a reasonable doubt.

6

C.    *Calculation of Criminal History Score*

Having dispensed with the State's procedural roadblocks, we now turn to the merits of Buell's appeal:  whether the district court improperly made findings of fact in order to classify Buell's prior Florida burglary adjudications as person felonies, thereby increasing his sentence beyond the statutory maximum. The question presented involves the interpretation of three statutes:  (1) K.S.A. 2015 Supp. 21-6811, part of the Kansas Sentencing Guidelines Act (KSGA); (2) K.S.A. 2011 Supp. 21-5807, the Kansas burglary statute in effect at the time Buell's current crime of conviction (robbery) was committed; and (3) Fla. Stat. § 810.02 (2002), the Florida burglary statute. "Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the KSGA. Interpretation of a statute is a question of law over which appellate courts have unlimited review." *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

Our analysis begins with the KSGA. The KSGA provides that criminal sentences are essentially based on two controlling factors:  the criminal history of the defendant and the severity level of the crime committed, with person crimes having a greater impact. See K.S.A. 2015 Supp. 21-6804(c); *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), *overruled in part on other grounds by Dickey*, 301 Kan. 1018. A defendant's criminal history score is calculated by tabulating the offender's prior convictions to generate a criminal history score, with A being the highest and I being the lowest. See K.S.A. 2015 Supp. 21-6803(d); K.S.A. 2015 Supp. 21-6804(a). Prior convictions or adjudications are classified as either misdemeanors or felonies, person or nonperson, with some exceptions. See K.S.A. 2015 Supp. 21-6810; K.S.A. 2015 Supp. 21-6811. The more extensive the defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence. See K.S.A. 2015 Supp. 21-6804(a).

1.    *Classification of Buell's Florida burglary adjudications falls under K.S.A.*
      *2015 Supp. 21-6811(e).*


Because Buell's 2002 Florida burglary juvenile adjudications are at issue, two sections of K.S.A. 2015 Supp. 21-6811 are possibly applicable in determining if his prior burglary adjudications were properly classified. K.S.A. 2015 Supp. 21-6811(d) governs the classification of prior burglary convictions and adjudications but does not address prior out-of-state convictions and adjudications. K.S.A. 2015 Supp. 21-6811(e) governs the classification of prior out-of-state convictions and adjudications but does not address prior burglary convictions and adjudications. Both Buell and the State assert that K.S.A. 2015 Supp. 21-6811(e) is applicable, which is consistent with Kansas Supreme Court precedent but contrary to some more recent opinions emanating from our court. See *State v. O'Connor*, 299 Kan. 819, 822, 326 P.3d 1064 (2014) (using K.S.A. 21-4711[e], the prior codification of K.S.A. 2015 Supp. 21-6811[e], to classify a prior Florida burglary adjudication); *State v. Williams*, 299 Kan. 870, 873-75, 326 P.3d 1070 (2014) (same, classifying prior Ohio aggravated burglary conviction). But see *State v. Mullens*, 51 Kan. App. 2d 1114, 1117, 360 P.3d 1107 (2015) (using K.S.A. 2014 Supp. 21-6811[d] to classify prior Texas burglary adjudication); see also *State v. Smith*, No. 113,297, 2016 WL 1391767, at *6-7 (Kan. App. 2016) (unpublished opinion) (utilizing K.S.A. 2014 Supp. 21-6811[d] to determine comparability of South Carolina burglary statute); *State v. Gonzales*, No. 107,798, 2016 WL 299042, at *7 (Kan. App. 2016) (unpublished opinion) (utilizing K.S.A. 2014 Supp. 21-6811[e] to determine comparability of Arizona burglary statute), *petition for rev. filed* February 22, 2016; *State v. Hill*, No. 112,545, 2015 WL 8590700, at *3-6 (Kan. App. 2015) (unpublished opinion) (utilizing both K.S.A. 2014 Supp. 21-6811[d] and [e] to determine comparability of Missouri burglary statute), *petition for rev. filed* January 6, 2016.

As both parties agree that K.S.A. 2015 Supp. 21-6811(e) is applicable, and because the plain language of the subsection applies to convictions from "other state

8

systems," we will use K.S.A. 2015 Supp. 21-6811(e) in scoring Buell's Florida burglary adjudications.

The relevant portion of K.S.A. 2015 Supp. 21-6811(e) provides:

"(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

"(2) An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction:

(A) If a crime is a felony in another state, it will be counted as a felony in Kansas.

. . . .

"(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.

"(4) Convictions or adjudications occurring within . . . other state systems . . . are considered out-of-state convictions or adjudications.

"(5) The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence."

Subsection (e) requires out-of-state convictions or adjudications to be used in calculating a defendant's criminal history score. Whether the out-of-state conviction or adjudication is to be classified as a misdemeanor or felony depends upon the convicting jurisdiction. Then, the out-of-state conviction or adjudication must be classified as a person or nonperson crime, and this is done by referring to the comparable Kansas offense in effect at the time the defendant committed his underlying crime. If there is no comparable Kansas crime, then the out-of-state adjudication is scored as a nonperson offense.

9

2. *Buell's Florida burglary adjudications are felonies.*

In accordance with K.S.A. 2015 Supp. 21-6811(e)(2), our first task is to determine whether Buell's Florida adjudications for burglary are properly classified as misdemeanors or felonies. This is done by examining how Florida classifies Buell's two adjudications. Unfortunately, the record on appeal does not contain the journal entries of Buell's Florida adjudications; we simply have the PSI, which lists them as "burglary of a dwelling" and "burglary of a dwelling while armed." Buell never challenged their classification as felonies before the district court, and he does not challenge the felony classification of these adjudications before us. Moreover, Buell appears to concede that his conviction for "burglary of a dwelling while armed" falls under Fla. Stat. § 810.02(2)(b) (2002), which classifies such a burglary as a "felony of the first degree." As for Buell's other Florida adjudication for "burglary of a dwelling," Buell also appears to concede this adjudication falls under Fla. Stat. § 810.02(3)(b) (2002), which classifies such a burglary as a "felony of the second degree." Thus, Buell's Florida burglary adjudications were properly classified as felonies by the district court.

3. *Buell's Florida burglary adjudications are person crimes.*

Having determined that both Florida adjudications are felonies, our next task is to classify them as person or nonperson. According to the KSGA, we do this by referring to the comparable Kansas offenses in effect at the time the current crime of conviction was committed. K.S.A. 2015 Supp. 21-6811(e)(3). It is well established that in evaluating what is a comparable offense under the KSGA, "[t]he essential question is whether the offenses are similar in nature and cover similar conduct." *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). We are to look for the Kansas offense that is the "closest approximation" or most "comparable." *Vandervort*, 276 Kan. at 179. In making this comparison, the elements of each out-of-state crime do not need to be identical to the elements of a Kansas crime for them to be comparable. 276 Kan. at 179. Offenses may be

10

comparable "even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute." *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. ___ (June 30, 2015).

With respect to the Florida burglary statute, our Supreme Court has already specifically answered the question of what Kansas crime is comparable:  "Obviously, the comparable Kansas offense for a Florida burglary would be our version of burglary." *O'Connor*, 299 Kan. at 823. The Kansas burglary statute in effect at the time Buell committed his current crimes states in relevant part:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexual battery therein;
> (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or
> (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.
> . . . .
> "(c)(1) Burglary as defined in:
> (A) Subsection (a)(1) is a severity level 7, person felony;
> (B) subsection (a)(2) is a severity level 7, nonperson felony;
> (C) subsection (a)(3) is a severity level 9, nonperson felony.
> (2) Aggravated burglary is a severity level 5, person felony." K.S.A. 2011 Supp. 21-5807.

It appears Buell was adjudicated under Fla. Stat. § 810.02(3)(b) (2002) for burglary of a dwelling and under Fla. Stat. § 810.02(2)(b) (2002) for burglary of a dwelling while armed. Fla. Stat. § 810.02 (2002) states in pertinent part:

> "(1)(a) . . . 'burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

11

. . . .

"(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:

. . . .

(b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon[.]

. . . .

"(3) Burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:

(a) Dwelling, and there is another person in the dwelling at the time the offender enters or remains.

(b) Dwelling, and there is not another person in the dwelling at the time the offender enters or remains."

However, Buell contends that the Kansas burglary statute is *not* comparable. Ignoring *O'Connor* and relying instead on *Apprendi* and *Descamps*, he argues the Florida burglary statute is not comparable as it criminalizes a broader range of conduct than the Kansas burglary statute because the intent required to commit burglary in Florida is broader than in Kansas. The Florida statute criminalizes conduct in which a person enters into or remains in a dwelling with the intent to commit *an offense therein*, whereas the Kansas burglary statute criminalizes conduct in which a person enters into or remains within a dwelling with the intent to commit *a felony, theft, or sexual battery*. Fla. Stat. § 810.02(1)(a) (2002); K.S.A. 2011 Supp. 21-5807(a). Buell argues that because of this, the district court should have found his Florida burglary adjudications not to be comparable to any Kansas crime and scored them as nonperson felonies as required by K.S.A. 2015 Supp. 21-6811(e)(3). Buell complains the district court engaged in unconstitutional factfinding when scoring his Florida burglary adjudications as person felonies instead. We disagree.

12

"Under *Apprendi*, '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490. The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by finding facts at sentencing. See *Shepard v. United States*, 544 U.S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (plurality opinion) ('[T]he Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence.'). A narrow exception exists for judicial factfinding regarding the existence of a prior conviction because of the procedural safeguards which attach to such a fact. *Apprendi*, 530 U.S. at 488. As a result, in the typical case under our sentencing guidelines, tabulating a defendant's prior convictions to determine the criminal history score, which usually has the effect of increasing a defendant's sentence, does not violate a defendant's jury trial rights. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002)." *Dickey*, 301 Kan. at 1036.

Buell correctly points out that when the district court is required to rely on facts outside of the mere fact of a prior conviction, then *Apprendi* is implicated. In *Descamps*, 133 S. Ct. 2276, the United States Supreme Court held that a defendant's prior conviction for burglary under California law could not be counted as a predicate offense for burglary under the federal Armed Career Criminal Act (ACCA), which increases the sentences of defendants who have three prior convictions for violent felonies. Unlike the ACCA's "general burglary" definition, the California burglary statute at issue did not require unlawful entry as do most burglary laws; it provided that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code Ann. § 459 (West 2010). The *Descamps* Court stated that the sentencing court would have had to look at Descamps' prior burglaries in order to determine whether he did break and enter or merely shoplifted in order to count the prior burglaries for ACCA purposes. The Court held that such an inquiry raised Sixth

13

Amendment concerns because it required the sentencing court to invade the jury's factfinding territory. See 133 S. Ct. at 2281-87.

To determine whether a prior conviction qualified as a sentence enhancer under the ACCA, the *Descamps* Court held that a sentencing court must use one of two approaches—the categorical approach or the modified categorical approach. 133 S. Ct. at 2281-84, 2287; see also *Dickey*, 301 Kan. at 1036-39 (detailed discussion of categorical versus modified categorical approaches). Under the categorical approach, the sentencing court is to simply "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." 133 S. Ct. at 2281. If the elements of the prior conviction are the same as or narrower than the elements of the corresponding crime under the ACCA, then the prior conviction may be counted as a predicate offense for sentence enhancement purposes under the ACCA. 133 S. Ct. at 2281, 2283.

The modified categorical approach applies when the statute defining the elements of the prior offense in state law is broader than the corresponding generic offense as defined in the ACCA. *Descamps*, 133 S. Ct. at 2281, 2283-84. However, this approach may only be utilized when the prior conviction involves a "divisible statute," meaning a statute which comprises multiple, alternative versions of the crime, at least one of which matches the elements of the generic offense. 133 S. Ct. at 2281-82, 2284-85. In such an instance, the sentencing court is permitted to look beyond the elements in the statutes and examine limited extra-statutory materials to determine "which of a [prior] statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284. Such extra-statutory materials include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).

14

Our Supreme Court in *Dickey*, a case which involved how to properly score a pre-KSGA Kansas burglary as either a person or nonperson crime, explicitly adopted the *Descamps* categorical/modified categorical approach in "determining whether a prior burglary conviction should be classified as a person or nonperson felony under the KSGA." 301 Kan. at 1039. The court ultimately held that although the pre-KSGA Kansas burglary statute under which Dickey had previously been convicted was divisible, as it had "multiple, alternative versions of the crime, none included an element requiring that the structure burglarized be a dwelling." 301 Kan. at 1039. Therefore, it was constitutionally impermissible to classify Dickey's prior burglary adjudication as a person crime because to do so would have required judicial factfinding beyond merely identifying the statutory elements. 301 Kan. at 1039-40.

In our view, Buell's reliance on *Descamps* and its categorical/modified categorical approach is inapplicable for the reasons he states. First, under the KSGA, there need not be matching elements for an out-of-state offense to be comparable to a Kansas offense. *Williams*, 299 Kan. at 873. Our Supreme Court's holding in *O'Connor*, 299 Kan. at 823, reflects that the comparability between the Florida definition of burglary and the Kansas definition of burglary is obvious despite their differing elements. Moreover in *Williams*, the defendant made an argument similar to the one Buell makes before us: because Ohio's burglary statute did not require the same specificity of intent as the Kansas burglary statute, they were not comparable. Our Supreme Court rejected this argument, holding that in determining the comparability of an out-of-state offense with a Kansas offense, there need not be a review "of the identicalness of the elements of the crimes identified in the out-of-state and in-state statutes." 299 Kan. at 875. While it is true that *O'Connor* and *Williams* predate *Dickey*, it is significant in our view that *Dickey* did not overrule *O'Connor* or *Williams*, nor did it reject the long-standing comparability approach utilized in these cases. See 301 Kan. at 1039; *State v. Moore*, ___ Kan. App. 2d ___, ___ P.3d ___ (No. 113,545, this day decided), slip op. at 18 (*Dickey* did not adopt "identical or

15

narrower rule" because doing so would have required overruling prior caselaw establishing that comparable offenses do not have to be identical).

The requirement that crimes merely be comparable differs from the federal ACCA, which "intended that the enhancement provision be triggered by crimes having certain specified elements, not by crimes that happened to be labeled 'robbery' or 'burglary' by the laws of the State of conviction." *Taylor v. United States*, 495 U.S. 575, 588, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990). In fact, we observe that the categorical approach existed before *Apprendi* and was created by the federal courts to apply the enhancement provisions in the ACCA. 495 U.S. at 588. Only later was this approach, and its modified version, recognized as suitable to prevent *Apprendi* violations. *Descamps*, 133 S. Ct. at 2288. That difference is exposed in the present case because without any impermissible judicial factfinding and in accordance with K.S.A. 2015 Supp. 21-6811(e)(2), we have already determined that Buell's Florida burglary adjudications were felony crimes simply because the state of Florida classified them as such and, without matching elements, our Supreme Court has already declared the Kansas burglary statute to be comparable to Florida's burglary statute.

Second, the *Descamps* rubric is not applicable because intent is irrelevant in the next step of the KSGA analysis. Remember that under *Apprendi*, 530 U.S. at 490, it is impermissible to rely on a fact that has not been proven to *enhance a defendant's punishment beyond the statutory maximum*. See *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001) (maximum punishment is that authorized by jury's verdict). It is undisputed that Buell's Florida burglary adjudications were felonies. As the lowest form of a felony under the KSGA is a nonperson felony (noncomparable out-of-state felonies are nonperson felonies too), a finding that the Florida burglary statute is comparable to the nonperson form of the Kansas burglary statute does not run afoul of *Apprendi*, even if we assume factfinding was required because it does not enhance Buell's sentence.

16

The only way to enhance Buell's punishment is to classify his Florida burglaries as person felonies because having two person felonies in his criminal history increases Buell's criminal history score, thereby increasing the sentencing range for his crimes. Disregarding aggravated burglary, in Kansas only one element separates a person felony burglary from a nonperson felony burglary—whether the burglary was committed in a dwelling. K.S.A. 2011 Supp. 21-5807(c)(1)(A). Other than a burglary committed with the intent to commit the theft of a firearm, which is a higher severity level nonperson felony, the level of intent required of nonperson burglary is the same as person burglary. Thus, intent is irrelevant to the enhancement of Buell's punishment and employing *Descamps'* categorical or noncategorical approach to ferret out intent is simply unnecessary.

Therefore, contrary to Buell's argument and consistent with *Dickey*, use of the modified categorical approach as described in *Descamps* is required when examining whether a dwelling was involved in Buell's Florida burglary convictions in order to prevent any improper judicial factfinding. See *Dickey*, 301 Kan. at 1039. However, unlike the burglary statute forming the basis for Dickey's prior juvenile burglary adjudication which did not contain an element requiring the structure burglarized to be a dwelling, Florida's burglary statute is divisible, and the provisions under which Buell was convicted do contain alternative elements which include burglarizing a dwelling. See 301 Kan. at 1039; Fla. Stat. § 810.02 (2002). Moreover, because Buell has already conceded that his Florida burglaries were committed in dwellings, the district court was not required to examine the "limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction[s].'" 301 Kan. at 1038 (quoting *Descamps*, 133 S. Ct. at 2284). Accordingly, the district court was correct when it classified Buell's two 2002 Florida juvenile burglary adjudications as person felonies.

Affirmed.