NOT DESIGNATED FOR PUBLICATION

No. 114,748

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAMMY JUANITA SANDERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed September 2, 2016. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Elizabeth A. Billinger*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

*Per Curiam*: In this sentencing appeal, Tammy Juanita Sanders contends the district court violated her constitutional rights, as articulated in *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it classified three prior out-of-state municipal ordinance violations as person offenses for criminal history scoring purposes. Upon our review, we hold there was no violation of Sanders' constitutional rights during sentencing and we affirm the district court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In accordance with a plea agreement, Sanders pled no contest to aggravated battery, a severity level 7 person felony, in violation of K.S.A. 2015 Supp. 21-5413(b)(1)(C). The State alleged that Sanders struck Larry McMillian with a "baseball bat or club" more than once on his left elbow and caused McMillian to sustain "extensive bruising and swelling to the extent he was not able to use his elbow for a number of weeks in a normal manner." Upon her plea, Sanders was found guilty. Sentencing was scheduled for July 10, 2015.

Prior to sentencing, a presentence investigation report (PSI) calculated Sanders' criminal history score as B, due, in part, to three prior "Assault and Battery" misdemeanor convictions in the Oklahoma City, Oklahoma, municipal court. These three misdemeanor convictions were aggregated into one person felony for sentencing purposes pursuant to K.S.A. 2015 Supp. 21-6811(a). At sentencing, Sanders' attorney informed the district court that he had received "documentation that established, to [his] satisfaction, that those misdemeanor convictions out of Oklahoma [could] be used" for scoring purposes and, as a result, Sanders did not object to her criminal history score. Based in part on the aggregation of the three misdemeanor convictions into a person felony, the district court sentenced Sanders to the standard presumptive sentence for an offender with a criminal history score of B and a conviction for a severity level 7 person felony. A prison term of 29 months was imposed.

Sanders timely appeals.

## LEGAL ANALYSIS

Sanders contends the district court imposed an illegal sentence and violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution as

interpreted by the United States Supreme Court decisions in *Descamps* and *Apprendi*. Sanders identifies the constitutional error as the district court's classification of three Oklahoma City municipal ordinance convictions for assault and battery as person misdemeanors, rather than nonperson crimes.

At the outset, Sanders acknowledges she did not object to her criminal history score, nor did she raise this issue in the district court. Nevertheless, "a stipulation or lack of an objection regarding how [prior] convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1)," which authorizes a court to "correct an illegal sentence at any time." *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 4, 1033-34, 350 P.3d 1054 (2015).

Under the Revised Kansas Sentencing Guidelines Act (RKSGA), K.S.A. 2015 Supp. 21-6801 *et seq.*, a defendant's sentence is premised upon the severity level of the current offense(s) and the defendant's criminal history score. See K.S.A. 2015 Supp. 21-6804 (nondrug grid); K.S.A. 2015 Supp. 21-6805 (drug grid). Generally, a district court calculates the defendant's criminal history score by tabulating his or her prior convictions or adjudications, classifying said convictions or adjudications as either misdemeanors or felonies and as person or nonperson offenses, and then selecting the appropriate criminal history category, which ranges from I, the least serious category, to A, the most serious category. See K.S.A. 2015 Supp. 21-6809; K.S.A. 2015 Supp. 21-6810; K.S.A. 2015 Supp. 21-6811. "The more extensive the defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence. [Citation omitted.]" *State v. Buell*, 52 Kan. App. 2d 818, 823, ___ P.3d ___, 2016 WL 3548925, at *4 (2016), *petition for rev. filed* July 25, 2016.

When calculating a defendant's criminal history score, the district court must consider and score out-of-state convictions, including any violations of municipal

3

ordinances or county resolutions which are comparable to any crime classified under Kansas law as a person misdemeanor, select nonperson class B misdemeanor, or nonperson class A misdemeanor. K.S.A. 2015 Supp. 21-6811(e); K.S.A. 2015 Supp. 21-6810(a). Of importance to this appeal, K.S.A. 2015 Supp. 21-6811(a) provides: "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

In this appeal, Sanders challenges the district court's determination that her municipal ordinance violations were comparable to *person* misdemeanors under Kansas law and subject to aggregation under K.S.A. 2015 Supp. 21-6811(a). Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the RKSGA, a question of law over which we exercise unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied*, 136 S. Ct. 865 (2016). "[T]he classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the [R]KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." *Keel*, 302 Kan. at 590; K.S.A. 2015 Supp. 21-6811(e)(3). If no comparable offense exists, the district court must classify the out-of-state conviction as a nonperson crime. K.S.A. 2015 Supp. 21-6811(e)(3).

According to Sanders' criminal history worksheet, on December 5, 2012, she was convicted of three municipal ordinance violations. All three convictions were for assault and battery, under § 30-17(b) of the Oklahoma City Municipal Code, 2010 (OKC Code). This ordinance provides:  "Any person who shall commit an assault and battery shall be guilty of a Class 'b' offense." Because Sanders violated the OKC Code by committing an assault *and* a battery, the comparable Kansas offenses for such crimes would be our version of assault and battery. See *State v. O'Connor*, 299 Kan. 819, 823, 326 P.3d 1064

(2014) ("The next directive in the classification provision is to refer to comparable offenses. Obviously, the comparable Kansas offense for a Florida burglary would be our version of burglary.").

Inexplicably, Sanders focuses the entirety of her argument upon the comparability of the OKC Code and Kansas' battery statute (K.S.A. 2015 Supp. 21-5413[a]), and she ignores the assault aspect of her municipal ordinance violations. Following Sanders' lead, we will only analyze the comparability of the battery laws. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) (issue not briefed by the appellant is deemed waived and abandoned); *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013) (a point raised incidentally in a brief and not argued therein is also deemed abandoned).

At the time Sanders committed her current crime, K.S.A. 2015 Supp. 21-5413(a) defined the offense of simple battery as "(1) [k]nowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." Simple battery is a class B person misdemeanor in Kansas. See K.S.A. 2015 Supp. 21-5413(g)(1).

Oklahoma City, on the other hand, defines battery as "any willful and unlawful use of force or violence upon the person of another." OKC Code § 30-16(2) (2010). While the ordinance does not expressly designate battery as a person or nonperson crime, Sections 30-16 and 30-17 are housed under Chapter 30, Article II of the OKC Code, which is entitled "Offenses Against the Person."

On appeal, Sanders acknowledges that "[a]t first glance, these crimes appear similar." She insists, however, that the district court's decision to classify her OKC Code violations as person misdemeanors, rather than nonperson crimes, violates the holdings in *Apprendi* and *Descamps* because this determination necessarily involved unconstitutional judicial factfinding.

5

The State, on the other hand, urges us to affirm the manner in which the district court scored Sanders' OKC Code misdemeanors because, in this case, the determination of whether Sanders' OKC Code violations were comparable to a Kansas offense merely involved a comparison of "'the elements of the statute forming the basis of [Sanders'] conviction[s] with the elements of' the predicate offense, [citation omitted,]" a purely legal question.

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Prior convictions are exempted from this rule due to the procedural safeguards which attach to such a fact, and, thus, the use of a defendant's criminal history to calculate the presumptive RKSGA sentence does not violate due process as interpreted by *Apprendi*. See 530 U.S. at 488-90; *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002).

As Sanders correctly points out, however, *Apprendi* is implicated if a district court makes findings of fact at sentencing, for purposes of enhancing the defendant's sentence, that go beyond merely finding the existence of a prior conviction or the statutory elements that comprised the prior conviction. See *Dickey*, 301 Kan. at 1036 (citing *Descamps*, 133 S. Ct. at 2288-89).

In *Descamps*, the United States Supreme Court held the defendant's prior California burglary conviction could not be used for sentence enhancement purposes under the Armed Career Criminal Act (ACCA), which "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion.'" 133 S. Ct. at 2281-82. Unlike the ACCA's generic definition of burglary, the California burglary statute did not require a "breaking and entering"; instead, it contained "a single, 'indivisible' set of elements" that criminalized a broader swath of conduct. 133 S. Ct. at 2281-83. As a result, the United States Supreme

6

Court found that when the sentencing court determined the defendant's prior conviction qualified as a predicate offense for purposes of the ACCA based upon the defendant's "supposed acquiescence to a prosecutorial statement (that he 'broke and entered')," the sentencing court engaged in unconstitutional judicial factfinding regarding the means by which the defendant accomplished the California burglary because such a fact was never proven beyond a reasonable doubt. 133 S. Ct. at 2283-93.

Under the analysis set forth in *Descamps*, which our Supreme Court adopted in *Dickey*, a district court may use one of two approaches to determine whether a prior conviction may be used for sentencing purposes—the *categorical* approach or the *modified categorical* approach, without contravening *Apprendi*. *Dickey*, 301 Kan. at 1037 (citing *Descamps*, 133 S. Ct. at 2281-84, 2287). A district court applies the categorical approach when the statute that forms the basis of the defendant's prior conviction is an indivisible statute, *i.e.*, a statute which "contains a single set of elements constituting the crime." This approach involves making a comparison between the elements of the statute forming the basis of the defendant's conviction with the elements of its counterpart under Kansas law. *Dickey*, 301 Kan. at 1037.

On the other hand, the modified categorical approach is applicable where "the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements" of the corresponding Kansas offense. 301 Kan. at 1037 (citing *Descamps*, 133 S. Ct. at 2281-82, 2284-86). When a defendant's prior conviction arises under a divisible statute, the district court cannot determine whether the defendant's prior conviction is comparable by merely examining the elements of the statute. *Dickey*, 301 Kan. at 1037. As a result, "without running afoul of *Apprendi*, a [district] court is permitted to look beyond the elements of the statute and examine a limited class of documents" (which includes charging documents, plea agreements, jury instructions, verdict forms, transcripts from plea colloquies, and findings of fact and conclusions of

7

law from a bench trial) "to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [Citation omitted.]" *Dickey*, 301 Kan. at 1037-38 (citing *Descamps*, 133 S. Ct. at 2284; *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 [2010]).

Sanders claims the district court violated *Descamps* when it classified her OKC Code violations as person misdemeanors because OKC Code § 30-16(2) and K.S.A. 2015 Supp. 21-5413(a) "do not contain identical elements" and are not comparable. More specifically, Sanders maintains the OKC Code provision contains a single and "indivisible" set of elements, which prohibits a broader range of conduct than the Kansas battery statute:

> "In Kansas, one must either cause actual bodily harm, under K.S.A. [2015 Supp.] 21-5413(a)(1), or cause 'physical contact with another person when done in a rude, insulting or angry manner.' But under Oklahoma City Municipal Code, 2010, § 30-16(2), one must only use 'force or violence upon the person of another.' Unlike K.S.A. [2015 Supp.] 21-5413(a)(1), no actual bodily harm must occur. And unlike K.S.A. [2015 Supp.] 21-5413(a)(2), the physical contact need not be 'done in a rude, insulting or angry manner.' For example, a joking nudge to the arm would constitute assault and battery under the Oklahoma City ordinance, but not the Kansas statute, as it caused not bodily harm and was not rude, insulting or angry."

Sanders' argument is premised upon the rule recited in *Descamps* that a prior conviction may be counted as a predicate offense for sentence enhancement purposes under the ACCA if the elements of the prior conviction are identical to or narrower than the elements of the generic offense. See 133 S. Ct. at 2281, 2283. However, "there's no statutory requirement [in Kansas] that an out-of-state offense be identical or narrower than the comparable Kansas offense." *State v. Moore*, 52 Kan. App. 799, 813-14, ___ P.3d ___, 2016 WL 3548863, at *8 (2016), *petition for rev. filed* July 25, 2016 (citing

8

*State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 [2014]); see *Buell*, 52 Kan. App. 2d at 829-30, 2016 WL 3548925, at *8.

An offense is comparable under the RKSGA if it is "similar in nature and cover[s] a similar type of criminal conduct"; the offense does not need to contain elements identical to those of the out-of-state crime. *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010); see *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014) ("The essential question is whether the offenses are similar in nature and cover similar conduct."); *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. 1019 (2015) (Offenses may be comparable "even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute."). In other words, Kansas courts need not review "the identicalness of the elements of the crimes identified in the out-of-state and in-state statutes" because the Kansas crime that is "'the closest approximation' of the out-of-state crime [is] a comparable offense." *Williams*, 299 Kan. at 873, 875.

We agree with the State's assertion that the identical-or-narrower rule mentioned in *Descamps* simply governs ACCA decisions and does not represent a constitutional requirement. See *Taylor v. United States*, 495 U.S. 575, 588-89, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) ("Congress intended that the enhancement provision be triggered by crimes having certain specified elements, not by crimes that happened to be labeled 'robbery' or 'burglary' by the laws of the State of conviction.").

Nevertheless, previous panels of this court have assumed that *Dickey* adopted the identical-or-narrower rule. See, *e.g.*, *State v. Mullens*, 51 Kan. App. 2d 1114, 1118, 360 P.3d 1107 (2015); *State v. Gonzales*, No. 107,798, 2016 WL 299042, at *7 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* February 22, 2016; *State v. Lewis*, No. 113,438, 2016 WL 1546133, at *5 (Kan. App. 2016) (unpublished opinion), *petition for*

*rev. filed* May 12, 2016; *State v. Morris*, No. 111,783, 2016 WL 299056, at *4-5 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* February 5, 2016.

But a careful review of *Dickey* suggests the identical-or-narrower rule is not applicable in Kansas. While our Supreme Court discussed the identical-or-narrower rule in the context of explaining the *Descamps* opinion, the court did not explicitly adopt this rule. On the contrary, the Supreme Court merely adopted the categorical and modified categorical approaches described in *Descamps*:

> "The categorical approach and modified categorical approach described in *Descamps* ensure that sentencing courts, when examining a prior conviction for sentencing purposes, do not engage in factfinding in violation of *Apprendi* by attempting to determine whether a defendant's actions satisfied an element not contained within the statute under which the defendant's prior conviction arose. See *Descamps*, 133 S. Ct. at 2281-87. Though *Descamps* involved determining whether a prior conviction qualified as a predicate offense under the ACCA, the methods *Descamps* outlined for making this determination in a constitutionally valid manner necessarily apply to determining whether a prior burglary conviction should be classified as a person or nonperson felony under the KSGA." *Dickey*, 301 Kan. at 1038-39.

Moreover, three panels of our court recently reached a similar conclusion, as each one determined that the identical-or-narrower rule does not govern comparability determinations in Kansas. See *Moore*, 52 Kan. App. 2d at 813-14, 2016 WL 3548863, at *8; *Buell*, 52 Kan. App. 2d at 830, 2016 WL 3548925, at *8; *State v. Ohrt*, No. 114,516, 2016 WL 3856321, at *3-6 (Kan. App. 2016) (unpublished opinion). Indeed, in *Moore*, the panel aptly explained:

> "[T]his identical-or-narrower rule is a federal rule governing interpretation of the Armed Career Criminal Act. See *Taylor v. United States*, 495 U.S. 575, 588, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) (The Act 'intended that the enhancement provision be triggered by crimes having certain specified elements, not by crimes that happened to be labeled

10

"robbery" or "burglary" by the laws of the State of conviction.'). Indeed, the categorical approach existed before *Apprendi* was decided; only later did the Court in *Descamps* recognize that it helped prevent *Apprendi* violations. [Citations omitted.] This rule served as background in *Descamps*, in which the court compared a specific California burglary statute to the generic offense of burglary: Under the Armed Career Criminal Act, the California burglary statute had to be identical or narrower than generic burglary. [Citation omitted.]

"But in Kansas, there's no statutory requirement that an out-of-state offense be identical or narrower than the comparable Kansas offense. [Citations omitted.] And while the Kansas Supreme Court relied on *Descamps* to decide *Dickey*, it focused on the *Apprendi* principle, not on the identical-or-narrower rule. See *Dickey*, 301 Kan. at 1039-40. And it also didn't *adopt* the identical-or-narrower rule—doing so would have required overruling past Kansas caselaw holding that the comparable Kansas offense doesn't have to be identical to the prior-conviction statute and that the question is whether the statutes prohibit similar conduct. [Citations omitted.]" *Moore*, 52 Kan. App. 2d at 813-14, 2016 WL 3548863, at *8.

See *Buell*, 52 Kan. App. 2d at 830, 2016 WL 3548925, at *8; *Ohrt*, 2016 WL 3856321, at *3, 6.

Consequently, we reject Sanders' contention that the classification of her three municipal ordinance violations as person misdemeanors offends *Descamps* because OKC Code § 30-16(2) and K.S.A. 2015 Supp. 21-5413(a) do not contain identical elements. Moreover, we question whether *Descamps* is applicable in this case because the statutory differences Sanders relies upon are irrelevant to the determination of whether her prior municipal ordinance violations qualify as person misdemeanors because simple battery is a class B person misdemeanor in Kansas regardless of the manner in which it is committed. See K.S.A. 2015 Supp. 21-5413(g)(1); see also *Moore*, 52 Kan. App. 2d 799, Syl. ¶ 6 ("When determining whether the out-of-state conviction is a person offense, if the element of the crime that causes it to be a person offense is identical in both the comparable Kansas offense and the out-of-state offense for which the defendant was

11

convicted, there is no problem under *Apprendi* and the offense can be classified as a person offense even if the two statutes don't match up perfectly in all other respects."); *Buell*, 52 Kan. App. 2d at 829-32, 2016 WL 3548925, at *8-9 (same); *State v. Tracy*, No. 113,763, 2016 WL 3960185, at *11 (Kan. App. 2016) (unpublished opinion) (adopting the reasoning of *Moore* and *Buell*); *State v. Rodriguez*, No. 114,264, 2016 WL 3961375, at *6 (Kan. App. 2016) (unpublished opinion) (same).

Nevertheless, assuming *Descamps* does apply, the categorical approach is the proper method to determine whether Sanders' three municipal ordinance violations may be used to enhance her sentence because OKC Code § 30-16(2), which defines battery as "any willful and unlawful use of force or violence upon the person of another," is an indivisible statute.

When the elements of OKC Code § 30-16(2) are compared with the elements of K.S.A. 2015 Supp. 21-5413(a), which defines simple battery as "(1) [k]nowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner," it becomes clear that the Oklahoma City ordinance and the Kansas statute, although differently worded, are comparable to one another. The offenses are similar in nature and cover a similar type of criminal conduct—harmful or offensive physical contact. Accordingly, we find the district court did not err when it classified Sanders' three OKC Code violations as person misdemeanors for purposes of sentencing.

Affirmed.