NOT DESIGNATED FOR PUBLICATION

No. 118,901

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WARREN A. LACEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed November 30, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM: Warren A. Lacey appeals the revocation of his probation and also argues that his sentence is illegal. After reviewing the evidence, we find that the district court did not abuse its discretion when it revoked Lacey's probation for committing a new crime and ordered Lacey to serve the underlying prison term. However, the court did impose an illegal sentence for the underlying crime based on an erroneous criminal history score. Lacey's 1983 California conviction for robbery was classified as a person felony. However, the California statute for robbery is broader than the Kansas statute, and thus there was no statutory basis for classifying Lacey's conviction as a person felony.

1

Accordingly, we must vacate Lacey's sentence and remand the case to the district court to resentence Lacey under the appropriate criminal history category.

FACTUAL AND PROCEDURAL HISTORY

In February 2015, the State charged Lacey with violating the Kansas Offender Registration Act, a severity level 6 person felony. Lacey pled guilty to the charge. A presentence investigation report listed his criminal history score as B. The report showed that Lacey had committed two person felonies—one for burglary of a residence in Kansas and one for robbery in California. Lacey did not object to his criminal history at sentencing. Lacey's presumptive sentence was 37 to 41 months in prison.

Lacey made a motion for dispositional departure. At sentencing, the district court judge gave Lacey two options. Either the court would place Lacey on probation for 24 months with an underlying sentence of 41 months' imprisonment, or the court would sentence Lacey to 30 months' imprisonment. Lacey chose probation with an underlying sentence of 41 months. The district court warned Lacey it would have zero tolerance for probation violations.

While on probation, Lacey was again convicted of violating the Kansas Offender Registration Act. The district court revoked Lacey's probation because he committed a new crime.

Lacey appealed.

2

*The district court did not abuse its discretion when it failed to grant Lacey's request for a lesser prison sentence following the revocation of his probation.*

Lacey does not argue that the district court erred in revoking his probation but that the district court's probation revocation punishment was unreasonably excessive. He contends that the district court should have granted his request for a lesser prison sentence.

"[T]he district court has discretion to either grant or deny a defendant's request for a lesser sentence upon the revocation of probation." *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018); see K.S.A. 2017 Supp. 22-3716(c)(1)(E). This court reviews such a decision for abuse of discretion. 54 Kan. App. 2d at 648. "A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error law; or (3) the action is based on an error of fact." 54 Kan. App. 2d at 648 (citing *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 [2015]).

Lacey characterizes his crime as essentially "miss[ing] a civil regulatory filing deadline." He asserts that it was unreasonable for the district court to send him to prison for 41 months "for the crime of missing a filing deadline." But the State counters that Lacey "did not merely commit a technical violation of the terms of probation. Instead, he committed a new crime that led to a new conviction for failing to register." The State argued, and Lacey conceded, that he failed to register for over a year while on probation—which could have resulted in multiple new charges instead of just one. So while on probation, Lacey repeated the same crime for which he was placed on probation.

The district court acted well within its discretion to revoke Lacey's probation and impose the underlying sentence. The district court gave Lacey fair warning at sentencing for his crime that probation violations would result in imposition of the underlying sentence. Lacey chose probation with this knowledge. Moreover, Lacey's violation of his probation was more than just a minor oversight. He was placed on probation for the crime of failure to register and he repeated the same offense. Furthermore, the district court did not determine the length of the presumptive sentence—41 months. The Kansas Legislature establishes presumptive sentences. Given that the district court adopted the view taken by the Legislature, it cannot be said that no reasonable person would take the view adopted by the district court.

*The district court imposed an illegal sentence.*

Lacey also argues that the district court imposed an illegal sentence based on an erroneous criminal history score. The district court found that Lacey's criminal history score was B based on two prior person felonies. Lacey asserts that his 1983 conviction for robbery in California was misclassified as a person felony and that his criminal history should actually be scored as C.

Although Lacey did not object to his criminal history at sentencing, a "court may correct an illegal sentence at any time." K.S.A. 2017 Supp. 22-3504(1). "This language has generally been interpreted to mean that 'an illegal sentence issue may be considered for the first time on appeal.'" *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015) (quoting *State v. Floyd*, 296 Kan. 685, 690, 294 P.3d 318 [2013]). Thus, we will address the merits of his claim.

"Classification of prior offenses for criminal history purposes involves interpretation of the KSGA [Kansas Sentencing Guidelines Act]; statutory interpretation

4

is a question of law subject to unlimited review." *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Presumptive sentences for most nondrug crimes are contained in a two-dimensional sentencing grid. K.S.A. 2017 Supp. 21-6804(a). On one axis is the severity level of the crime of conviction, ranging from 1 to 10. On the other axis is the offender's criminal history score, ranging from A to I. If an offender has two adult convictions or juvenile adjudications for person felonies, then the offender's criminal history score is B. K.S.A. 2017 Supp. 21-6809. If an offender has one adult conviction or juvenile adjudication for a person felony and one or more adult convictions or juvenile adjudications for nonperson felonies, then the offender's criminal history score is C. K.S.A. 2017 Supp. 21-6809. Thus, if the district court misclassified Lacey's 1983 California conviction as a person felony, then Lacey's criminal history score should be reduced to C and the range of his sentence would be between 34 and 38 months, rather than the 41 months he was given. K.S.A. 2017 Supp. 21-6804.

In determining an offender's criminal history score, it is sometimes necessary to classify out-of-state convictions. An out-of-state crime is "classified as either a felony or a misdemeanor according to the convicting jurisdiction . . . ." K.S.A. 2017 Supp. 21-6811(e)(2). The State of Kansas determines whether the crime should be classified as person or nonperson. The sentencing guidelines provide:  "In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to." K.S.A. 2017 Supp. 21-6811(e)(3).

Kansas courts have had varying opinions as to what it means to be a comparable offense for out-of-state conviction classification purposes. Previously, the Kansas Supreme Court has held that "the offenses need only be comparable, not identical." *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). This court explained that

5

"[o]ffenses may be comparable 'even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute.'" *State v. Buell*, 52 Kan. App. 2d 818, 826, 377 P.3d 1174 (2016) (quoting *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 [2014]). However, the Kansas Supreme Court recently clarified what it means to be a comparable offense in *Wetrich*, 307 Kan. 552. There, the court held that "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

Citing *Wetrich*, Lacey argues that the 1983 California robbery statute is not comparable to the Kansas statute because it is broader than the Kansas statute. In 1983, California defined robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211 (West 1983). "Fear" was defined as:

> "1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family; or,
> "2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212 (West 1983).

Kansas defines robbery and aggravated robbery as follows:

> "(a) Robbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person.
> "(b) Aggravated robbery is robbery, as defined in subsection (a), when committed by a person who:
> (1) Is armed with a dangerous weapon; or
> (2) inflicts bodily harm upon any person in the course of such robbery." K.S.A. 2017 Supp. 21-5420.

6

The major difference between these statutes is that in California a person can commit robbery by threatening to injure the property of the person robbed or of anyone in the company of the person robbed. Kansas' statute does not contain a threat to property component. For this reason, the California statute is broader. Pursuant to *Wetrich*, Lacey's 1983 California robbery conviction is not comparable to any Kansas offense and should be classified as a nonperson felony. See *State v. Cannon*, No. 117,463, 2018 WL 1770490, at *3 (Kan. App. 2018) (unpublished opinion) (reaching the same conclusion in regards to an Illinois robbery statute which provided that robbery could occur through threat of damage to property).

The State argues that the "identical or narrower" rule from *Wetrich* does not apply because *Wetrich* was decided after Lacey was sentenced. The State cites K.S.A. 2017 Supp. 22-3504(3), which states that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." The State asserts that *Wetrich* changed the law and thus does not render Lacey's sentence illegal. This court recently rejected the State's argument and held that *Wetrich* did not change the law. *State v. Smith*, 56 Kan. App. 2d 343, 353, ___ P.3d ___ (2018) (2018 WL 4374273) ("[T]he Kansas Supreme Court did not change the law in *Wetrich*. Instead, the court's decision is better characterized as reinterpreting the meaning of the term 'comparable offenses' within the KSGA."), *petition for rev. filed* September 26, 2018. We agree with this court's analysis in *Smith*.

For these reasons, Lacey's sentence is illegal. Accordingly, his sentence is vacated and the matter is remanded for sentencing.

Affirmed in part, vacated in part, and remanded with directions.